SPENCER C. WEBB v. HOUSTON & TEXAS CENTRAL RAILROAD COMPANY.

Decided June 3, 1908.

**1.—Agreement of Settlement—Subsequent Litigation—Res Adjudicata.**

An employe sued a railroad company for damages for personal injuries; the defendant answered by general denial, contributory negligence, assumed risk, and an agreement on the part of plaintiff to accept a certain amount of money in settlement of his claim, which amount the defendant tendered at the trial, but which the plaintiff refused to accept; the issue of agreed settlement was raised by the evidence and submitted by the charge of the court. The jury returned a general verdict for the defendant. Held, it being impossible to determine from the verdict of the jury upon what issue or issues the jury rendered their verdict, the judgment thereon must be held a bar to a subsequent suit by the plaintiff or his heirs for said money.

**2.—Agreement of Settlement—Repudiation—Failure of Consideration.**

The repudiation of an agreement of settlement of a claim and the subsequent filing of suit and prosecution of same to judgment, is a destruction of the consideration for the agreement on the part of the defendant to pay the sum agreed upon.

Appeal from the 55th Judicial District, Harris County. Tried below before Hon. W. P. Hamblen.

*John Lovejoy* and *J. W. Parker,* for appellants.—The defendant pleading an accord and tender before suit, had the defendant brought into court the amount of the tender, as it offered to do, the title to the money would have passed to the plaintiff, and plaintiff would have been entitled thereto without regard to how the jury decided the case; and defendant having retained the money by agreement of plaintiff, and refusing to pay it over, plaintiff had a right of action against defendant for the amount, which survived to the plaintiffs herein. Dewees v. Lockhart, 1 Texas, 538, 539; Mann v. Sprout, 185 N. Y., 109; 77 N. E., 1018; 5 L. R. A., 561 (N. S.); Taylor v. Brooklyn Elev. R. Co., 119 N. Y., 561; 23 N. E., 1106; Wilson v. Doran, 39 Hun, 88; 110 N. Y., 101; 17 N. E., 688; Becker v. Boon, 61 N. Y., 317; Beil v. Supreme Counsel, A. L. of H., 42 App. Div., 168; 58 N. Y. Supp., 1049; Murray v. Bethune, 1 Wend., 191; Slack v. Brown, 13 Wend., 390; Dakin v. Dunning, 7 Hill, 30; 42 Am. Dec., 33; Bank of Columbia v. Southerland, 3 Cow., 336; Malcom v. Fullarton, 2 Texas, 645-648; 2 Parsons on Contract, 9th edition, 789; 2 Wharton, Contr., sec. 976; 1 Beach, Contr., sec. 331.

*Baker, Botts, Parker & Garwood* and *Lane, Jackson, Kelley & Wolters,* for appellee.—Upon the proposition of failure of consideration, cited: Wells v. Groesbeck, 22 Texas, 430; Bristo v. Hall, 16 Texas, 568; Cundiff v. McLean, 40 Texas, 394; Watson v. DeWitt Co., 19

Texas Civ. App., 159; Jones v. Holliday, 11 Texas, 415; Benson v. Phipps, 87 Texas, 580.

The judgment of a court of competent jurisdiction is conclusive upon all issues involved between the parties, and those that were actually determined, or might have been determined. Nichols v. Dibrell, 61 Texas, 541; Flippen v. Dixon, 83 Texas, 423; Cook v. Carroll, 6 Texas Civ. App., 326; Foster v. Wells, 4 Texas, 101; Lee v. Kingsbury, 13 Texas, 70; Hatch v. Garza, 22 Texas, 187; Chilson v. Reeves, 29 Texas, 281; Teal v. Terrell, 48 Texas, 508; Tadlock v. Eccles, 20 Texas, 791.


JAMES, Chief Justice.—This action was brought by the surviving wife and children of Spencer C. Webb to recover of appellee the sum of $1,027.30 with interest. The petition alleged that Webb had received injuries in defendant's service, through certain negligence of defendant, in 1902, and that he had in 1903 sued defendant in the District Court of Ellis County for his damages which resulted, in 1905, in a judgment for the defendant, from which no appeal was taken. The circumstances of the pleadings and other proceedings in said Ellis County action were set forth with particularity, showing that in said proceedings the defendant, in addition to a general denial, contributory negligence and assumed risk, set up a compromise agreement, whereby it was alleged defendant had, prior to the filing of the said suit, agreed to pay plaintiff in satisfaction of his claim for damages, and defendant had agreed to accept therefor the sum of $1,027.30, which sum defendant tendered at the trial, but plaintiff refused to receive or accept same, and by agreement the sum was not deposited with the clerk, "but was retained in the possession of defendant during the progress of the trial." The purpose and prayer of the present action in the District Court of Harris County is to recover of defendant the said sum of $1,027.30. It alleges that defendant, by tendering and retaining said sum in the other suit, promised and became liable to pay plaintiff said sum in the event of a verdict in its favor, and that such promise and liability survived Webb and inured to the benefit of these plaintiffs.

Defendant answered by general denial; statute of two years limitations; that the compromise contract and alleged tender had become invalid and unavailable to plaintiff by reason of his repudiating it, and causing a failure of consideration; that the conduct of Webb in repudiating the compromise agreement and instituting suit and litigating his original cause of action with defendant on the various issues involved, and by reason of his pleadings and other proceedings connected with said litigation, and his motions for new trial thereon, was estopped from asserting any claim or right of action upon said compromise or alleged tender; and that by virtue of the pleadings, charges, motions and other proceedings, and by the judgment and orders entered in the District Court of Ellis County, between the same parties, this action is barred and said proceedings are *res judicata.* The plea as to failure of consideration was verified by affidavit.

The case was tried by the judge upon an agreed statement of facts, and he gave judgment in favor of defendant, filing no conclusions.

As the case now before us involves and depends on the effect which the judgment in the Ellis County case had upon Webb's rights under

the contract of compromise as a cause of action, it will be necessary to give a statement of how that matter was involved in the pleadings and other proceedings of that trial. We may state them without their occupying the space they do in the record.

As already stated, the defenses were general denial, contributory negligence, assumed risk, and the agreement of compromise above mentioned. At the trial the tender above mentioned was made and refused. The case was submitted to a jury upon charges, submitting the question of defendant's negligence and liability for the injury, and submitting also the issues of contributory negligence and assumed risk. There were no pleadings of the plaintiff, asking for judgment on the compromise agreement. The compromise agreement figured in the evidence and in the charges. In one paragraph the jury were charged to find for plaintiff if his injury was caused by defendant's negligence, and plaintiff did not agree to settle his claim with the defendant for $1,027.30, as alleged in the answer. In another, the jury were charged to find for defendant if defendant was not negligent, or its negligence was not the proximate cause of plaintiff's injuries; or if plaintiff knew, or in the exercise of ordinary care in the discharge of his duty must necessarily have known of the defect and danger; or if plaintiff agreed to settle his claim with defendant for $1027.30. Another paragraph explained and submitted the issue of whether or not the agreement had been made in a manner to be binding on the parties. And in the special instruction the court told the jury to find for defendant if an agreement of settlement for the sum of $1,027.30, that was binding on the parties, had been entered into by the parties.

We may here remark the said special instruction was asked by defendant, and that all the other charges, including the one which submitted the validity and binding character of the compromise arrangement, were prepared and tendered by the plaintiff and adopted by the court as its general charge. The verdict in that case was a general one for the defendant.

From this it will be seen that the verdict may have resulted from the jury finding that there was no negligence of the defendant, or no negligence that proximately caused plaintiff's injury, or they may have based it upon the finding that plaintiff was guilty of contributory negligence, or that he assumed the risk. Upon any of these theories the finding may not have embraced any consideration of, or finding on, the agreement of settlement.

On the other hand, the jury may not have passed on the above issues at all, or may have found against defendant on them all, yet may have based their verdict on the sole finding that the cause of action had been extinguished by a valid agreement of settlement.

There is no way of ascertaining whether or not the jury determined the issue of the existence of the settlement contract. But it was involved, and for all we know they may have passed upon the question and founded their verdict upon it. They may have found that there was no binding contract of settlement, and yet found for defendant on the merits of the original cause of action. The matter could have been removed from conjecture by the submission of special issues, or had plaintiff asked in the alternative for a judgment for the $1,027.30 and

the charges had been framed with that view. The matter would also have been removed from conjecture, had there been no other plea interposed by defendant. In that case a finding for defendant would have left no doubt that the verdict was based upon the existence of the agreement, and it would have been an affirmation of its existence as a valid agreement, and therefore plaintiff could have afterwards brought suit upon it. But as the Ellis County case was tried and submitted, no such result can be pronounced upon the verdict, inasmuch as no one can say, nor can it be determined, that the verdict in that case was not arrived at through a finding by the jury that there had been no valid agreement of compromise entered into. This being within the scope of the verdict, as the cause was submitted, and there being no means of determining what the jury found, the presumption in a collateral proceeding ought to be in favor of any and every finding with which the verdict may be consistent.

There is another ground in favor of the affirmance of the judgment, even if the judgment in the Ellis County case could be said to have left it open to plaintiffs to recover upon the compromise agreement. Defendant in the present case pleaded failure of consideration. The manifest inducement to defendant's entering into such agreement, was the avoidance of litigation concerning the original cause of action. The fact that Webb ignored and repudiated the agreement, by filing the suit in Ellis County on the original cause of action and prosecuting it as though no such agreement had been entered into, to a verdict, it seems to us was a complete destruction of the consideration upon which such agreement was entered into by the defendant.

The assignments of error contend that the court erred in rendering judgment for defendant, and in not rendering judgment for plaintiff. We agree with the view of the district judge and affirm the judgment.

*Affirmed.*

Writ of error refused.