Argued February 21; reversed March 14, 1939

# MORFORD *v.* CALIFORNIA-WESTERN STATES LIFE INSURANCE CO.

**(88 P. (2d) 303)**

*Nicholas Jaureguy,* of Portland (Cake, Jaureguy & Tooze and V. E. Harr, all of Portland, on the brief), for appellant.

*Charles T. Haas,* of Portland (Haas & Schwabe, of Portland, on the brief), for respondent.

This is an action on a policy of life insurance. The Circuit Court granted a motion of the defendant for judgment on the pleadings, from which the plaintiff appeals.

The complaint alleges that on September 26, 1934, the defendant, pursuant to an application for insurance theretofore made by Ben M. Morford, and pursuant to the offer and consent of said Ben M. Morford to accept the terms and conditions of the policy, and in consideration of the first quarter-annual premium in the sum of $22.91, did execute and issue to said Ben M. Morford its certain policy of life insurance by which the defendant, in consideration of said premium, promised to pay to the plaintiff, the beneficiary in said policy, the benefits provided therein upon due proofs of the death of said Ben M. Morford while said policy should be in full force and effect. It is alleged that the policy of insurance is now in possession of the defendant; that it names the plaintiff as beneficiary; and that in said policy the defendant promises and agrees to pay the plaintiff the sum of $2,500 upon receipt of due proofs of the death of said Ben M. Morford while the policy should be in force. It is further alleged that Ben M. Morford died on the 28th day of September,

1934, and at the time of his death said policy of insurance was in full force and effect; that plaintiff notified defendant of his death and the defendant waived the condition that proof of death be furnished; that the insured, Ben M. Morford, and the plaintiff have duly performed each and every term, covenant and condition of said insurance policy on their part to be kept and performed, but the defendant has refused to pay plaintiff the sum of $2,500 or any part thereof. The complaint concludes with a claim for attorneys' fees and a prayer for judgment.

The answer denies that any such policy as is described in the complaint or any policy whatsoever was ever issued to Ben M. Morford; admits that "any and all policies issued in connection with any application of said Ben M. Morford have always been in the possession of this defendant, and that there never has been any delivery of any such described or any policy to said Ben M. Morford by this defendant". It admits the allegation respecting the death of Morford and the notice of death and its refusal to pay any sum to the plaintiff; and denies the remaining allegations of the complaint.

In an affirmative answer the defendant alleges the following facts: Ben M. Morford made application for a kind and type of life insurance policy issued by the defendant, a copy of the application being attached to the answer. In such application Morford applied for a type of life insurance policy known as "ordinary life (E 85) with premium waiver, total disability and combination accident." This type of policy would pay to the beneficiary therein, in addition to the principal sum, certain additional amounts in case of accidental death or certain other accidents, and also, in the event of total disability provided for in the policy, there

would be a waiver of payment by the insured of additional premiums. The application contained a provision that in the event that the defendant did not grant the insurance as specified in the application "no change shall be made as to amount, classification, plan of insurance or benefits unless agreed to in writing by me", meaning the applicant. The defendant refuses to issue an insurance policy on the life of Ben M. Morford as designated and requested in the application and declined the offer of said application, but the defendant did offer to issue a different type and class of insurance policy with different provisions and benefits subject to the acceptance and approval thereof by Morford in writing. But Morford never accepted or approved in writing the substituted offer. The application also provided and it was agreed that the insurance applied for should not take effect unless and until the policy had been delivered to and received by the applicant and the first premium thereon paid in full during the lifetime and good health of the applicant; that no policy issued by the defendant was ever delivered to the said Ben M. Morford, and the first premium was never paid.

The plaintiff filed a reply in which she admitted that the copy of the application attached to the answer was a true copy thereof and contained the provisions referred to in the answer, and that the expression "with premium waiver, total disability and combination accident" has the meaning stated in the answer. The plaintiff further admitted that the defendant refused to issue a policy containing "permanent total disability" benefits, but alleged that in lieu thereof the defendant issued another policy with additional benefits corresponding with the company's valuation of the risk.

Otherwise the allegations of the affirmative answer were denied. Further replying, the plaintiff alleged that at the time the decedent, Ben. M. Morford, signed the application blank he advised the defendant's agent that the matter of so-called "additional benefits" was immaterial to the said Morford and he was willing to take any policy of ordinary life insurance for the sum of $2,500 with or without "additional benefits", and it was thereupon agreed that if the defendant should be unwilling to issue a policy on the basis set forth in the written application, then the written application should be considered as an application for any policy of ordinary life insurance in the sum of $2,500, with such additional benefits as should correspond with defendant's valuation of the risk. It is further alleged that at the time of the execution and delivery of the application blank Morford paid the first quarterly premium by delivering to defendant, through its agent, his promissory note payable to the agent in the full sum of the quarterly premium, and that the promissory note was accepted by the agent in full payment of the quarterly premium and thereafter and prior to September 27, 1934, was negotiated by the agent to the defendant and accepted at the home office of the defendant as full payment of the first quarterly premium.

LUSK, J. The question is whether the court erred in granting the defendant's motion for judgment on the pleadings. Reduced to essentials we have a case where the plaintiff, the alleged beneficiary in a policy of life insurance in the sum of $2,500, avers that the policy was issued upon the insured's application; that the plaintiff and the insured performed all the terms, covenants and conditions of the contract of insurance on their part; and that the insured died while the

policy was in full force and effect. The answer denies that any policy was issued, and alleges that the decedent applied in writing for a certain type of insurance policy which the defendant refused to issue, but that the defendant did offer to issue a different type of insurance policy subject to the acceptance and approval thereof by the insured in writing, and the substituted offer was never so accepted or approved in writing; and, further, that it was agreed that the insurance applied for should not take effect unless and until the policy had been delivered to and accepted by the applicant and the first premium paid thereon during the lifetime and good health of the applicant; and that no policy was ever delivered to the applicant nor was the first premium ever paid. To this the plaintiff rejoins by admitting the substituted offer, but she denies the allegations that the substituted offer was not accepted in writing by the decedent, and that the policy was not delivered to the decedent, and that the first premium was not paid.

■ If the pleadings, taken together, affirmatively show that the plaintiff has no cause of action against the defendant, or if the facts set forth in a separate defense constitute a complete answer to the cause of action alleged in the complaint, and those facts are admitted by the reply, then the action of the Circuit Court in sustaining the motion was proper: Section 1-616, Oregon Code 1930; *Milton v. Hare,* 130 Or. 590, 598, 280 P. 511; *McDonough v. National Hospital Association,* 134 Or. 451, 454, 294 P. 351.

■ The defendant contends that the complaint fails to state a cause of action because it lacks an allegation that the policy was delivered to the decedent. To this plaintiff answers that the allegation that the defend-

ant "executed and issued" the policy is tantamount to saying that it was delivered. We need not consider that question because, if the complaint is defective in the particular pointed out, the defect has been cured by the course which the pleadings subsequently took, namely, an allegation in the answer that the policy was never delivered which is denied in the reply. It is an established rule of pleading in this state that where an essential fact has been omitted from the complaint an issue as to such fact made by the answer and reply cures the defect in the complaint: *Easton v. Quackenbush,* 86 Or. 374, 378, 168 P. 631; *Treadgold v. Willard,* 81 Or. 658, 160 P. 803; *Catlin v. Jones,* 48 Or. 158, 163, 85 P. 515. The complaint is also criticized because it does not specifically allege that the first premium was paid during the lifetime and good health of the applicant. But we think that this criticism is without merit because the plaintiff alleges, in the language of § 1-805, Oregon Code 1930, that she and the insured duly performed all the conditions of the contract on their part, and such pleading has been held by this court to be sufficient as an allegation of payment of a premium on an insurance policy: *Squires v. Modern Brotherhood,* 68 Or. 336, 344, 135 P. 774. Even if this were not sufficient, the defect would have been cured by the allegation in the answer that the first premium was not paid and the denial of that allegation in the reply.

It remains, therefore, to consider whether the essential averments of the answer are admitted by the reply. If they are not, or if an issue of fact is made as to any one or more of them, then the Circuit Court erred in granting defendant's motion. These essential averments are that defendant rejected the plaintiff's application for a particular type of insurance, made a counteroffer of another type which the applicant did

not accept in writing as provided in the policy, that no policy was ever delivered to the applicant, and no premium paid by him. If these things are true and there are no other provisions in the application which are controlling then the plaintiff, of course, has no case. First, because his application was a mere offer, and there could be no contract arising out of that offer if it was not accepted by the defendant; and, similarly, if defendant made a counteroffer, which was not accepted by the plaintiff in the manner provided by the written application, no contract would result. Secondly, because, under the terms of the application, the insurance was not to take effect "unless and until the policy is delivered to and received by the applicant and the first premium thereon paid in full during his lifetime and good health."

■ Each of these material allegations is denied in the reply except the allegation that the defendant made a counteroffer of a different type of insurance, which is admitted. And so there are presented issues of fact as to whether the counteroffer was accepted by the applicant, as to whether the substituted policy was delivered, and as to whether the premium was paid by the applicant while he was in good health.

■ All this is entirely consistent with the plaintiff's claim in the complaint that the policy was issued pursuant to the decedent's application because the application contains this provision:

"It is agreed that if the Company is unwilling to issue a policy on the basis applied for, or at the Company's premium rate corresponding to the applicant's age, this application shall be for a policy on the plan, with the additional benefits and at the premium rates corresponding with the Company's valuation of the risk."

Thus, if, in fact, the company issued and delivered to the decedent a policy of a different type than that applied for, and if that policy was accepted and approved in the manner stipulated by the application (and these matters, as we have seen, are put at issue by the pleadings), such a policy, under the very language of the application, would be one issued pursuant to the application.

The defendant urges, however, in the language of the motion, "that the complaint is based upon a definite contract of insurance and the reply is based upon waiver and estoppel of certain material facts of said alleged contract of insurance and therefore a material departure from the theory of the complaint and therefore void and ineffectual". The first paragraph of the separate reply alleges an oral statement made by the decedent to the agent of the defendant company, who solicited the sale of the insurance, and an oral agreement between them "that if defendant should be unwilling to issue a policy on the basis set forth in said written application then said written application should be considered as an application for any policy of ordinary life insurance in the sum of $2,500, with such additional benefits as should correspond with defendant's valuation of the risk." It is the defendant's position, as stated in its brief, that this pleading constitutes the plaintiff's reason "why the provisions were not complied with in connection with both the application for the kind of insurance and the payment of the premium".

We are unable to concur in this view. In the plaintiff's brief it is said that these allegations are in the reply for the purpose of letting in evidence of a possible ambiguity in the contract of insurance. It is not deemed advisable at this time to pass on the question of whether

such evidence would be admissible on that or any other theory, or whether the facts alleged have any materiality. It is sufficient to say that, as we read the language of the paragraph, it is not open to the interpretation placed on it by the defendant. It does not offer an excuse for failure on the part of the plaintiff to comply with any of the stipulations of the application. It does not allege a waiver, which is defined as an intentional relinquishment of a known right. The oral agreement with the agent is not inconsistent with the claim of the plaintiff, as asserted in the pleadings, that a policy of insurance was issued to the decedent in all respects in accordance with the terms of the application and that all the conditions of the contract were duly performed by the decedent and the plaintiff on their part. In fact, the oral agreement is almost in the language of one of the stipulations of the application which we have quoted. The allegations are not a departure from the allegations of the complaint, but if they were, the only result would be that the plaintiff, who must recover on the strength of the cause of action stated in her complaint if she is to recover at all, would be precluded from relying on the allegations of the reply: *Mercer v. Germania Ins. Co.*, 88 Or. 410, 415, 171 P. 412; and cases there cited.

The second paragraph of the affirmative reply, which alleges payment of the first premium by a promissory note, is not a plea of estoppel. It merely states the method by which the first premium was paid, and evidence of these facts would be admissible in support of the complaint. It is a new assignment: *Pioneer Hardware Co. v. Farrin*, 55 Or. 590, 107 P. 456. This court has recently held that payment of a premium on an insurance policy may be

made by a promissory note: *Union States Life Insurance Company v. Bernert,* ante p. 44, 87 P. (2d) 774, decided March 7, 1939. It is true, as defendant says, that the acceptance of a note is not to be considered as taken in discharge or payment of the debt unless it is at the time so agreed and understood: *Cranston v. West Coast Life Insurance Company,* 63 Or. 427, 128 P. 427. But here the plaintiff alleges that the note was accepted by defendant at its home office "as full payment of said first quarterly premium." This is a sufficient allegation that the note was taken in discharge of the debt. Whether plaintiff will be able to prove this claim or not is another question.

■ The view which we have taken of the pleadings makes it unnecessary to consider other matters which have been discussed at some length by counsel for respondent and relate either to the substantive law of insurance or to supposititious facts not found in the record before us and therefore not germane to the controversy in its present stage. We deem it well, however, since we are dealing with a question of pleading, to advert to the fact that the defendant's answer purports to "admit" that no policy of insurance was ever delivered to plaintiff. That is to say, the defendant has admitted something which the plaintiff did not allege. The purported admission is mere verbiage which can avail the defendant nothing, and falls within the condemnation of that sort of pleading by this court in *Woolsey v. Draper,* 103 Or. 103, 106, 201 P. 730, 203 P. 582, where Mr. Justice RAND said that it "is not a proper way to plead, raises no issue, and should not be tolerated."

■ We conclude that under the pleadings there are issues of fact as to whether a valid contract of insurance

was entered into by the parties and as to whether the first premium was paid in accordance with the terms of the application and as to whether the policy was delivered to the decedent, and consequently that the learned circuit judge erred in granting the motion for judgment on the pleadings.

The judgment is therefore reversed and the cause remanded for further proceedings not inconsistent with this opinion.

RAND, C. J., and BELT and BAILEY, JJ., concur.