Argued January 7; reversed February 18, 1947

## FLEMING, ADMINISTRATOR, *v.* WOODWARD

(177 P. (2d) 428)

*B. G. Skulason,* of Portland, for appellant.

*Cecil F. Poole,* Enforcement Attorney, Office of Price Administration, San Francisco, California, (with George Moncharsh, Deputy Administrator for Enforcement, Sylvanus N. Smith, Enforcement Attorney, Herbert H. Bent, Regional Litigation Attorney, Jacob Chaitkin, Special Appellate Attorney, on brief), for respondent.

Before ROSSMAN, Chief Justice, and BELT, KELLY, BAILEY and HAY, Justices.

BELT, J.

This is a suit, commenced on January 3, 1946, to compel by mandatory injunction an inspection of books and records, under and by virtue of the Emergency Price Control Act of 1942, as amended. It is a companion case of *Fleming v. Fossati,* consolidated for hearing on appeal, and which was this day decided wherein the decree ordering inspection was reversed and the suit dismissed. While the pleadings, the procedure followed, and the decree entered in the two cases are in the main the same, there is an issue of fact in the instant suit—and which was not involved in the Fossati case—that makes it advisable to consider these suits in separate opinions.

The Complaint charges that the defendant, who is engaged in the egg and poultry business in the city of Portland, has violated the Act in that he has refused to permit a representative of the Office of Price Administration to inspect his books and records pertaining to the sale and purchase of commodities covered by Maximum Price Regulation Numbers 269 and 333. It appears from the Inspection Requirement which is attached to the Complaint that the inspection desired covered a period of time from January 1, 1945, to December 27, 1945. Defendant in his Answer denied that he refused to permit an inspection, but admitted that "an Inspection Requirement was left at his place of business on December 28, 1945, as alleged therein."

Notwithstanding this issue of fact under the pleadings, the circuit court, without any hearing on the merits, entered a judgment on the pleadings, as in the Fossati case, and directed an inspection.

■■ As said in *Lytle v. Payette-Oregon Slope Irr.*

*Dist.*, 175 Or. 276, 152 P. (2d) 934, 156 A. L. R. 894, and citing numerous authorities in support thereof:

> "A motion for judgment on the pleadings is one not favored by the courts. It may not be used as a substitute for a demurrer where the pleadings are amendable so as to state a good cause of action. 41 Am. Jur., Pleading, § 335. Where the pleadings present an issue of material fact, such a motion cannot be allowed."

■ Hearing had on motion to show why preliminary injunction should not issue was not one on the merits. *American Life Ins. Co. v. Ferguson,* 66 Or. 417, 134 P. 1029; *Helm v. Gilroy,* 20 Or. 517, 26 P. 851.

■ The decree is reversed and the cause remanded with directions to hear and determine the issue of fact as to whether the defendant refused to permit an inspection as alleged in the complaint. Defendant is entitled to costs and disbursements.

KELLY, J., did not participate in this decision.