Argued November 1, reversed and remanded December 18, 1963,
petition for rehearing denied January 14, 1964

# LADD ET AL v. GENERAL INSURANCE COMPANY
387 P. 2d 572

*Gordon G. Carlson,* Roseburg, argued the cause for appellants. On the brief were Yates, Murphy & Carlson, Roseburg.

*William L. Lasswell,* Roseburg, argued the cause for respondents. With him on the brief were Kelly & Garrison, Roseburg.

Before McALLISTER, Chief Justice, and ROSSMAN, O'CONNELL, GOODWIN and LUSK, Justices.

GOODWIN, J.

After bringing without success an action upon a policy of fire insurance, the plaintiff brought a second

action upon an alleged settlement agreement. In the second action, the plaintiffs received favorable consideration from the jury in answer to certain interrogatories, but these were set aside upon motion of the defendant. The trial court ruled that the first judgment was *res judicata*. The plaintiffs now appeal from a judgment entered in favor of the insurance company.

The parties were identical in both actions. The only issue is whether the trial court in the second action properly applied the doctrine of *res judicata* or the related rule concerning election of remedies. There is no substantial dispute concerning the facts that bear upon these procedural issues.

The plaintiffs' building was damaged in an explosion. The loss was one covered by the defendant insurer. In adjusting the loss, the parties arrived at a mutually satisfactory settlement in the amount of some $51,680.44, which was paid. However, they kept open an undetermined element of damage to certain concrete walls. The exact amount of such loss, if any, was not possible of accurate appraisal until after certain cleanup work could be completed. It was agreed that the appraisal was to be made at a later date by an engineer to be selected by the insurer. In the event the walls did not pass inspection, the insurer agreed to pay the additional loss as appraised, provided, however, that the liability in no event was to exceed $3,900. In the event that the walls satisfied the engineer, it was agreed that the insurer would have no further liability under its policy. (We express no opinion upon the meaning of this agreement. Our summary of it here is intended only to provide a background for the narrow issues which are presented in this appeal.) The only memorandum of the agreement

was a notation typed on the proof-of-loss form used in the processing of the principal claim.

The parties subsequently found themselves unable to agree upon the duty of the insurer under the memorandum.

The insurance policy contained a provision that no action would lie against the insurer under the policy unless such action were commenced within one year of the date of any loss.

More than one year after the loss was sustained, but within the general period of limitation for actions arising out of contract, the plaintiffs brought action upon the insurance policy.

■ The plaintiffs pleaded the policy of *haec verba,* as well as their proof of loss which made reference to the disputed $3,900. They prayed judgment in the sum of $3,900, plus attorneys' fees. Attorneys' fees are allowable in certain actions to recover upon insurance contracts. ORS 736.325. The insurer alleged the expiration of the period of limitations contained in the insurance policy. The plaintiffs replied that the insurer was estopped to assert the defense of limitations. (The plaintiffs claimed that they had relied upon certain representations by the insurer that litigation would not be necessary.)

The first case went to trial on the issues thus framed. The trial court found insufficient evidence to prove that the plaintiffs had been tranquilized by the insurer. There was, therefore, no estoppel. Judgment was thereupon entered for the insurer on the ground that the action had not been commenced within the time limited by the contract sued upon.

■ The plaintiffs did not appeal. There is, therefore, no occasion at this time to speculate upon the correctness of the first judgment. Right or wrong, it is

final. However, it decided only that the action on the insurance policy was barred by the running of time.

In this second action, the plaintiffs seek to recover upon the alleged settlement agreement instead of upon the insurance policy. The insurer contends that the plaintiffs are now barred by their election of a remedy in the first action, and also by the doctrine of *res judicata*. The two doctrines have some similarities, but they are not the same.

 Election of remedies ordinarily characterizes the situation in which a plaintiff who has two or more available avenues to the same general relief pursues one to judgment. See Note, 36 Harv L Rev 593 (1923). He may thereafter be precluded from pursuing the others. *Union Trust Co. of Spokane v. Wiseman,* 10 F2d 558 (D Or 1926) ; see Annotation, 6 ALR2d 10, 49 (1949). When enforced, the rule forbids subsequent litigation, either to enhance a meager victory won in the first effort or to rehabilitate a defeat suffered there. See *Jesse et ux. v. Birchell et ux.,* 198 Or 393, 400, 257 P2d 255, 37 ALR2d 952 (1953). Sometimes courts describe the plight of such a plaintiff as "estoppel by election," although this nomenclature tends further to obscure the notoriously indistinct boundaries between waiver and estoppel. See Ewart, Waiver Distributed (Harv Univ Press 1917), especially Ch II, " 'Waiver's' Aliases," and Ch V, "Election."

█ The election of one remedy where several remedies are available is a choice, shown by an overt act, between two rights. The pleader is barred, however, only in cases where initially there were two efficacious remedies. *Estate Counseling Service v. Merrill Lynch, Pierce, etc.,* 303 F2d 527 (10th Cir 1962). In such a situation it would be unjust to vex the defendant twice

for the same debt or wrong. Where there was in fact only one remedy, however, an abortive election is not fatal. *Cf. Sheppard v. Blitz,* 177 Or 501, 162 P2d 519 (1945). There an ill-fated election to sue in equity was held no bar to a subsequent action at law, because the first case, remanded for procedural reasons and later abandoned by the plaintiff, did not reach an important question on the merits. The modern rule is no doubt represented by *Schenck v. State Line Telephone Co.,* 238 NY 308, 311, 144 NE 592, 35 ALR 1149 (1924), where Mr. Justice Cardozo stated:

> "* * * If in truth there is but one remedy, and not a choice between two, a fruitless recourse to a remedy withheld does not bar recourse thereafter to the remedy allowed * * *."

■ In the case now before us, the plaintiffs have learned that only one remedy was available to them. Accordingly, this is not a proper case in which to invoke the rule of election of remedies.

■ The doctrine of *res judicata* is founded upon the policy that one should not twice litigate, on the merits, either as plaintiff or defendant, the same cause of suit or action. The second attempt to sue thus commonly presents the question whether there is in the new litigation a new cause of action or merely a reappearance in disguise of an old and discredited cause of action. See *Jarvy v. Mowrey,* 235 Or 579, 385 P2d 336 (1963). Restatement, Judgments, § 45 (1942).

In one respect, the employment of the doctrine of *res judicata* is similar to that of election of remedies. Courts freely invoke *res judicata* to prevent double recovery where the claimant has already collected once. *Grant v. Yok,* 233 Or 491, 378 P2d 962 (1963). But the doctrine is more sparingly applied where the

claimant has had no recovery. This explains why, in the same jurisdiction, one case will say for the purpose of *res judicata* that two causes of action are the same if recovery was had in the first case, while an otherwise indistinguishable case will hold, when recovery has not been had, that the causes of action are different. See Schopflocher, *What is a Single Cause of Action?*, 21 Or L Rev 319 (1942).

In the case at bar, it is necessary to consider whether the so-called settlement agreement was a new contract, and thus the foundation of a different cause of action than that sued upon in the first action (upon the insurance contract). If in fact the parties agreed to make a new contract, in the nature of an accord, and expressed such agreement in the words found on the proof-of-loss form, then a breach of that agreement by either of the parties could give rise to new legal rights. Thus, if a debtor (here the insurer) should breach the contract, the creditor (the insured) could sue for that breach. If the creditor breached the accord, while the debtor's original duty would not be discharged, the debtor would acquire a right of action for damages for the breach of the accord or, if practicable, the alternative remedy of specific enforcement. See Restatement, 2 Contracts, § 417 (c)(d) (1932); 6 Williston, Contracts 5207, § 1848 (rev ed 1938).

If, for example, the insurer had tendered the agreed payment but the insured had refused the tender and then had sued upon the original policy in order thereby to obtain some real or supposed advantage, such as attorneys' fees, the commencement of such an action might be either a failure of consideration or a breach of the insured's promise of temporary forbearance, implied in the accord. If, on the other hand, the in-

surer wrongfully refused performance according to the terms of an executory accord, similarly that would be a breach of the accord.

■ Where one party can prove a valid accord, and a breach thereof by the other, the aggrieved party may then theoretically seek recovery upon the original contract, if it still should have vitality, or upon the new one. In this case, time has run against the former. There remains only the latter contract. It, however, is free of the defenses such as the one-year period of limitation that might have been available to the insurer under the original insurance policy. See, e.g., *Stockton etc. Works v. Ins. Co.*, 98 Cal 557, 33 P 633 (1893).

■ We hold that, if there was in fact a new contract, the second action, being upon the new contract, would be founded on a new cause of action and would not be barred as an attempt to relitigate the old one. *West. Log. Mach. Co. v. N. U. F. Ins. Co.*, 136 Or 549, 552, 229 P 311 (1931).

Since the two cases here involved were founded upon different causes of action, the doctrine of *res judicata* does not bar the second action. The defendant urges, however, that the court in the first action made some oblique reference in its memorandum opinion to the efficacy of the settlement agreement to create new legal rights. (The court commented that there was "no accord and satisfaction," but only an "executory accord.") There was, however, no decision by the court on the rights that might or might not exist under the settlement agreement. Perhaps there could have been such a decision, but there was not. The plaintiffs had managed to create complete chaos in the pleadings, but it does not follow from this development that there was a decision on the point now asserted to be *res judicata*.

The record is not in such a condition that we can enter judgment in this court under Oregon Constitution, Art VII, § 3. Unless the parties can agree upon the facts, therefore, another trial appears to be inevitable.

Reversed and remanded.