Argued July 11, affirmed July 27, petition for rehearing
denied September 20, 1966

# BAFICO *v.* SOUTHERN  PACIFIC
# COMPANY

417 P. 2d 392

*Martin Schedler,* Portland, argued the cause and filed a brief for appellant.

*James H. Clarke,* Portland, argued the cause for respondent. With him on the brief were McColloch, Dezendorf & Spears, and John Gordon Gearin, Portland.

Before McAllister, Chief Justice, and Perry, Sloan, Holman and Hammond, Justices.

HAMMOND, J. (Pro Tempore).

This is an appeal by plaintiff from a judgment for defendant upon the pleadings in an action brought for breach of an alleged contract. Plaintiff contends that on June 11, 1962 he was employed as a section worker by defendant and that while so employed he suffered injury in an automobile collision. He alleges that while he was hospitalized for his injuries the defendant, through its agents "promised to pay all damages suffered by plaintiff, including his litigation costs and damages, as a result of this collision if plaintiff would not sue the Southern Pacific Company."

Plaintiff further pleads that in reliance on defendant's promise he did not sue the defendant and sued the owner of the other vehicle involved in the accident (Dad's Root Beer Bottling Company) and received a settlement of $16,500. He says that he has performed all of the conditions of the agreement on his part but that defendant has refused to perform the agreement

on its side after demand therefor, and that plaintiff suffered damage consisting of $344 in doctor bills, $550 for replacement of his car damaged by the collision, and $5,000 in attorney fees and suit costs in the action against the owner of the other vehicle.

Defendant asserts, and plaintiff concedes, that in the proceeding against Dad's Root Beer Bottling Company and in settlement thereof, plaintiff gave to such company his release, which reads in part, as follows:

### "FULL AND FINAL RELEASE OF ALL CLAIMS

"KNOW ALL MEN BY THESE PRESENTS, that the Undersigned do(es) hereby acknowledge receipt of a draft for Sixteen Thousand Five Hundred and no/100ths Dollars ($16,500.00) which draft is accepted in full compromise settlement and satisfaction of, and as sole consideration for the final release and discharge of, all actions, claims and demands whatsoever, that now exist, or may hereafter accrue, against DAD'S ROOT BEER BOTTLING COMPANY OF PORTLAND, OREGON and any other person, corporation, association or partnership charged with responsibility for injuries to the person and property of the Undersigned, and the consequences flowing therefrom, as the result of an accident, casualty or event which occurred on or about the 11th day of June, 1962 * * * ."

Plaintiff's claim against Dad's Root Beer Bottling Company was predicated upon his contention that the driver of its truck failed to yield the right-of-way at an intersection.

While the instant action was pending and before the pleadings were made up, the plaintiff brought an action in tort against the Southern Pacific Company in the United States District Court for the District

of Oregon. Such action was brought under the Federal Employer's Liability Act and sought general and special damages arising from injuries sustained in the collision. The basis for the action was plaintiff's contention that the defendant violated its work and safety rules in that he was directed to drive his own car to a section of track upon which he was to work instead of being driven there by a motor vehicle provided and operated by defendant.

The matter was tried in the Federal Court on the segregated issue of whether the release given by plaintiff to Dad's Root Beer Bottling Company was a bar to his right to recover from Southern Pacific Company on the action brought under the Federal Employer's Liability Act. That court concluded that the release was a complete bar to plaintiff's action against the defendant and dismissed plaintiff's complaint with prejudice. The judgment therein entered has been appealed to the United States Circuit Court of Appeals, and the matter is pending therein.

The above statement of the factual situation is borne out by the pleadings and no controversy exists as to the three proceedings brought by plaintiff, the basis therefor or the disposition thereof, as above described.

When this case came on for trial the court reconsidered a motion by the defendant for judgment on the pleadings and determined that by bringing his action in the Federal Court against the defendant, plaintiff had foreclosed his right to maintain this action. The motion was granted and judgment was entered for defendant. This appeal follows.

The chronological sequence of events is as follows: (1) The accident, followed by the alleged promise by

defendant to pay plaintiff's damages and costs if he didn't sue defendant. (2) Action by plaintiff against Dad's Root Beer Bottling Company with settlement thereof for $16,500, and execution of the release. (3) The institution of this action for breach of alleged promise by defendant to pay plaintiff's costs and damages. (4) Institution of and dismissal of plaintiff's action against this defendant brought in Federal Court under the Federal Employer's Liability Act, which matter is pending on appeal. (5) This case called for trial and judgment for defendant entered on the pleadings.

■ A judgment on the pleadings in favor of the defendant is proper where the facts set forth in defendant's answer constitute a complete defense to the cause of action alleged in the complaint and those facts are admitted. *Oregon Investment Co. et al v. Schrunk et al,* 242 Or 63, 408 P2d 89; *Morford v. Calif.-West Life Co.,* 161 Or 113, 88 P2d 303 (1939).

■ It is our opinion that plaintiff's right to sue the defendant upon the alleged agreement to pay his damages and costs arising from the collision is available only upon the precedent condition that he refrain from maintaining an action against the defendant upon the claimed tort liability. Such restraint provided the sole consideration for the claimed promise to pay and when plaintiff no longer withheld action on the claimed tort liability, the consideration failed and the alleged covenant became a nullity. When he instituted the tort action he effectively abandoned the compromise agreement. *Webb v. Houston & T. C. R. Co.,* 51 Tex Civ App 230, 111 SW 171; *Jallen v. Agre,* 264 Minn 369, 119 NW2d 739, 265 Minn 578, 122 NW2d 207; *Thompson v. Municipal Bond Co.,* 23 Cal App2d 402, 73 P2d 274; 1 Restatement, Contracts, § 45.

■ Plaintiff relies upon *Ladd v. General Insurance Co.*, 236 Or 260, 387 P2d 572 (1964) as authority for his position that the pursuit of an abortive alternative remedy is not a bar to another action seeking the same relief. The *Ladd* case and this case are markedly distinguishable on both factual grounds and applicable legal theory. The *Ladd* case involved only the method of enforcement of an agreement for determination of amounts owing by the insurer under the provisions of a policy and did not involve an obligation not to sue on the policy. Plaintiff's choice in the action now before this court was not between remedies, but between substantive rights that could not co-exist.

Plaintiff argues that the action in the Federal Court did not provide an efficacious remedy simply because he was not successful there. This requires no comment. The fact of the matter is that plaintiff did submit his tort claim to that court on its merits. The successful defense therein that he had acknowledged full compensation for his damage by the release given to Dad's Root Beer Bottling Company does not alter such fact. *Atchison, T. & S. F. Ry. Co. v. Peterson,* 34 Ariz 292, 271 P 406.

Affirmed.