DANAHY, Judge.
Appellants brought this suit to enforce an alleged oral agreement for settlement of' their tort claim against appellee’s insured. The trial judge held that such an agreement is unenforceable unless it is in writing and entered a summary judgment for appellee. We affirm, not for the reason given by the trial judge, nor for any argument which has been advanced to us by appellee, but on the basis of a fundamental rule of law which is clearly applicable here. In fairness to the trial judge, we hasten to add that the dis-positive point in this case was not brought to his attention, nor was it argued in this court.
Appellee moved for summary judgment on the ground that Fla.R.Civ.P. 1.030(d) requires any settlement agreement to be in writing. That rule provides that “no private agreement or consent between parties or their attorneys shall be of any force unless the evidence thereof is in writing, subscribed by the party or his attorney against whom it is alleged.” At the time of the alleged oral agreement in this case, there was no pending litigation between the parties. Nevertheless, the trial judge found the rule applicable, citing Moore v. Gunning, 328 So.2d 462 (Fla. 4th DCA 1976).
This court has held that, under the provisions of the predecessor to Rule 1.030(d), settlement agreements need not be in writing. Coe v. Diener, 159 So.2d 269 (Fla. 2d DCA 1964). The Fourth District Court of Appeal in Moore v. Gunning was of the opinion that the result which we reached in Coe v. Diener is no longer viable in view of certain differences between the language of Rule 1.030(d) and its predecessor.
Appellant argues to us that, notwithstanding the opinion expressed in Moore v. Gunning, our decision in Coe v. Diener should hold firm. But, in any event, says appellant, Moore v. Gunning concerned an out-of-court settlement during the course of pending litigation. Appellant forcefully argues that while a settlement agreement in the course of litigation might be required to be in writing under the terms of Rule 1.030(d), that rule certainly cannot apply to a settlement agreement reached prior to the institution of litigation, as in this case. Appellant and appellee have treated us to extensive and interesting arguments on both sides of the question whether a prelitigation settlement agreement must be in writing.
Interesting though the question may be, the issue need not be resolved in this case for a very obvious reason. As set forth in appellee’s affirmative defense in the court below, subsequent to the date of the alleged oral settlement agreement, appellant brought suit against appellee and its insured on the tort claim which appellant now says had been previously settled. Appellee *81 quite rightly feels that appellant should not now be allowed to go back to the prior settlement agreement and seek to enforce it. Appellee suggests to us the principles of res judicata, collateral estoppel, and waiver. Those principles are not applicable here.
The rule is fundamental; one cannot rescind a contract and subsequently have it enforced. Appellant’s action in bringing suit on the claim underlying the alleged prior settlement agreement constituted a rescission of that agreement which now bars appellant from recovery in this suit based on the agreement. Webb v. Houston & T.C.R. Co., 51 Tex.Civ.App. 230, 111 S.W. 171 (1908); Thompson v. Municipal Bond Co., 23 Cal.App.2d 402, 73 P.2d 274 (1937); Haluka v. Baker, 66 Ohio App. 308, 34 N.E.2d 68 (1941).
Affirmed.
GRIMES, C. J., and BOARDMAN,' J., concur.