Argued and submitted December 11, 1981, reversed and
remanded June 23 1982, reconsideration allowed; former opinion
withdrawn; judgment affirmed (61 Or App 546, 657 P2d 1257)
February 2, reconsideration denied April 1,
petition for review denied April 26, 1983 (294 Or 792)

# SKINNER,
*Appellant,*

*v.*

# MICHAELS et al,
*Respondents.*

## (No. 35469, CA 19962)

646 P2d 1345

J. Britton Conroy, Corvallis, argued the cause for appellant. With him on the brief was Ringo, Walton, Eves & Gardner, P. C., Corvallis.

Thomas H. Tongue, Portland, argued the cause for respondent. With him on the brief was Morrison, Dunn, Cohen, Miller & Carney, Portland.

Before Gillette, Presiding Judge, and Joseph, Chief Judge,* and Young, Judge.

YOUNG, J.

---

* Joseph, C. J., *vice* Roberts, J.

## YOUNG, J.

This is an action to recover damages for personal injuries caused by the alleged negligent operation of an automobile by defendant Rodney Douglas Michaels.[1] The trial court granted defendant's motion for judgment on the pleadings, ORCP 21B, on the grounds that plaintiff had signed a "release of all claims" and that the reply did not plead an avoidance of the release. Plaintiff appeals, and we reverse.

The amended complaint alleged that, because of defendant's negligence, a collision occurred on April 19, 1978, between vehicles operated by plaintiff and defendant and that as a result plaintiff was injured. The answer affirmatively alleged that the release signed by plaintiff and his father[2] was a complete defense. The reply alleged matters in avoidance of the release.[3]

■ ■ Plaintiff argues that it was error to grant a judgment on the pleadings, because the reply alleges mistake and misrepresentation sufficient to avoid the release. The essential question is the sufficiency of the allegations of the reply, and our analysis is conducted with fundamental rules in mind. The reply is to be liberally construed with a view to substantial justice between the parties. ORCP 12A. In addition, the allegations of the reply are taken as true. *Straub v. Oregon Electric Ry. Co.,* 163 Or 93, 96, 94 P2d 681 (1939). Finally, if a material issue of fact is presented by the pleadings, it was error to grant judgment on the pleadings. *Fleming, Administrator, v. Woodward,* 180 Or 486,

---

[1] The amended complaint alleged that defendant Darwin D. Michaels is the owner of the automobile which he provided for the use of members of his household and that defendant Rodney Douglas Michaels is a member of the household and had permission to use the automobile.

[2] There is nothing in the pleadings to explain why plaintiff's father signed the release.

[3] Plaintiff moved to file an amended reply and a second amended reply. Neither of those replies are in the trial court file. Nonetheless, defendant moved to strike the second amended reply and for judgment on the pleadings. The trial court heard that motion on September 15, 1980, but withheld ruling to enable plaintiff to file a "reply." A reply was filed, and defendant filed a second motion to strike and for judgment on the pleadings. That motion was heard on December 9, 1980, following which the trial court granted judgment on the pleadings. Although defendant notes that the second amended reply and the last reply were identical, we are unable to determine that from this record.

177 P2d 428 (1947). We quote from *Salem Sand v. City of Salem,* 260 Or 630, 636, 492 P2d 271 (1971):

> "At the outset in considering the validity of a motion for judgment on the pleadings, the defendants are confronted with the well-established rule that such a motion is not favored by the courts. *Scott & Payne v. Potomac Ins. Co.,* 217 Or 323, 341 P2d 1083 (1959). Issues of fact cannot be tried on a motion for judgment on the pleadings. *Scott & Payne v. Potomac Ins. Co., supra; Smith v. Aplanalp et al,* 126 Or 213, 267 P 1070 (1938). The motion is only allowable when the pleadings taken together affirmatively show that plaintiff has no cause of action against the defendant or when the defendant affirmatively alleges a complete defense which is admitted by the reply. *Morford v. Calif.-West. Life Co.,* 161 Or 113, 88 P2d 303 (1939)." 260 Or at 636.

With the foregoing rules in mind, we must determine whether plaintiff alleged facts that, when taken as true, demonstrate misunderstanding and misrepresentation legally sufficient to avoid the release.

An examination of the allegations contained in the answer reveals that the release was signed by plaintiff and his father on May 12, 1978, after the father's conversation with an insurance adjuster. On May 15, 1978, the release was exchanged for the payment of $1,120, "representing $600 over and above the previously agreed upon settlement of the property damage claim of $520." Plaintiff kept the $1,120. The signatures of plaintiff and his father on the release were notarized by an attorney. The release, annexed to the answer, is a printed form titled, "RELEASE OF ALL CLAIMS." Following the recitals, there appears in bold type, "THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT." Immediately above the signatures of plaintiff and his father is the caveat: "CAUTION: READ BEFORE SIGNING BELOW."

We interpret the reply to allege that on May 12, 1978, plaintiff's father met with defendant's insurance adjuster "to discuss payment of plaintiff's medical bills, wage loss and property damages." At that meeting, the adjuster told plaintiff's father that defendants' insurance company would pay plaintiff's "medical bills and that

plaintiff's future bills would be paid." The adjuster handed plaintiff's father a form for the "release of all claims" that contemplated the payment of $600 and represented to plaintiff's father that the release was only for the damage to plaintiff's motorcycle. The adjuster did not state or disclose that the release was "a final release of all medical, wage loss, and personal injury claims." Plaintiff's father delivered the release to plaintiff and told him that the adjuster needed the release signed so that payment could be made for the damaged motorcycle. Plaintiff did not thoroughly read the release but relied on his father's statement of the purpose of the release. Plaintiff did not understand or intend to release his claim for personal injuries, and the amount tendered was grossly inadequate to compensate plaintiff for his personal injury damages amounting to at least $7,488.

 A release may be avoided because of a non-negligent misunderstanding on the part of the releasor, as in *Wood v. Young,* 127 Or 235, 271 P 734 (1928), where the releasor thought he was releasing one claim but in fact released all claims; or because of misconduct, such as misrepresentation by an insurance adjuster reasonably relied on, as occurred in *Whitehead v. Montgomery Ward & Co., Inc.,* 194 Or 106, 131-32, 239 P2d 226 (1952). In *Wood v. Young, supra,* 127 Or at 240-41, the court, quoting from 24 Am. & Eng. Ency. of Law (2 ed), p 308, stated:

> " 'Where the releasor signs a paper under the impression induced by the releasee that he is signing merely a receipt for money already paid, or a release of a part of his claim only, and the effect of the instrument as a general release is misstated and misrepresented, and the releasor is guilty of no negligence in accepting such statement, the release is of no effect. In other words, if the instrument signed is not what the releasor supposed he was signing, mental assent necessary to constitute a binding contract is absent.' "

"As to what constitutes a valid release, we take the following from 23 R.C.L., page 386:

> " 'To be valid and binding a release must be executed with full knowledge on the part of the releasor of what he is signing, and with an intention to discharge from liability.' "

However, an "untainted release" cannot be avoided merely because a mistake was made as to the extent of the injuries or that it was improvidently made. *Wheeler v. White Rock Bottling Co.,* 229 Or 360, 367, 366 P2d 527 (1961); *Nielsen v. Portland Gas & Coke, Co.,* 76 Or 505, 512-13, 147 P 554 (1915). Inadequacy of consideration is not a ground for avoiding the release, but that the compensation received for a release was grossly inadequate is a factor to consider whether the release was misunderstood. *Wood v. Young, supra,* 127 Or at 243.

Defendant argues that the reply is insufficient, because it does not allege extenuating circumstances sufficient to avoid the release, such as overreaching, lack of capacity, or a relationship of trust with the releasee. *See Broad v. Kelly's Olympian Co,* 156 Or 216, 230-32, 66 P2d 485 (1937), for a collection of cases considering various circumstances which permit avoidance of a release.

■ Plaintiff makes no claim that he lacked legal capacity to sign the release or that he was coerced or was under some disability sufficient to avoid the release. Although the reply is not a model of clarity, a fair interpretation is that it alleges that the adjuster told the father, and the father told plaintiff, that plaintiff's medical bills and future bills would be paid and that the release was necessary to pay for the damage to the motorcycle. So construed, the reply alleges a misrepresentation.

Material issues of fact were raised by the pleadings, and it was error to try them on a motion for judgment on the pleadings. Proof of the allegations of the reply and proof of plaintiff's lack of negligence and reasonable reliance on the adjuster's misrepresentations would be sufficient to avoid the release under *Wood v. Young, supra,* and *Whitehead v. Montgomery Ward & Co., Inc., supra.* Whether plaintiff's misunderstanding of the effect of the release was due to his own negligence or whether his reliance on the alleged misrepresentations was unreasonable are questions for the jury.

Reversed and remanded.