On respondent's reconsideration filed July 23, 1982, reconsideration allowed, former decision (58 Or App 59, 646 P2d 1345, 1982) withdrawn, judgment affirmed February 9, reconsideration denied April 1, petition for review denied April 26, 1983 (294 Or 792)

### SKINNER,
*Appellant,*

*v.*

### MICHAELS et al,
*Respondents.*

(35469; CA 19962)

646 P2d 1345

Thomas H. Tongue, and Morrison, Dunn, Miller, Carney & Allen, Portland, for petition.

J. Britton Conroy, Corvallis, contra.

Before Gillette, Presiding Judge, and Joseph, Chief Judge, and Young, Judge.

YOUNG, J.

## YOUNG, J.

Pursuant to ORAP 10.10, defendants petition for reconsideration of our former decision, 58 Or App 59, 646 P2d 1345 (1982). This is a negligence action for the recovery of damages for personal injuries. The trial court granted defendants' motion for judgment on the pleadings, ORCP 21, on the basis of a release. Our former opinion held that the reply adequately pled an avoidance of the release, and we reversed the trial court. Defendants contend that we misconstrued the allegations of the reply and that our gratuitous statement that

"[w]hether plaintiff's misunderstanding of the effect of the release was due to his own negligence or whether his reliance on the alleged misrepresentations was unreasonable are questions for the jury" (58 Or App at 64)

is contrary to law.

Concerning the allegations of the reply, we stated that

"[A]lthough the reply is not a model of clarity, a fair interpretation is that it alleges that the adjuster told the father, and the father told plaintiff, that plaintiff's medical bills and future bills would be paid and that the release was necessary to pay for the damage to the motorcycle. So construed, the reply alleges a misrepresentation." 58 Or App at 64.

Paragraph II of the reply alleges that the insurance adjuster had told plaintiff's father that defendants' insurance company would pay "plaintiff's medical bills and future bills, if any * * *." Paragraph III alleges that the adjuster had tendered the release to plaintiff's father and represented to the father "that this document was for the plaintiff's motorcycle which was damaged in the collision." Paragraph V alleges that "plaintiff's father gave plaintiff [the release] and told the plaintiff that the insurance agent needed [the release] signed so that they could get payment for the damage done to plaintiff's motorcycle."

There are no allegations in the reply, directly or indirectly, that "the father told plaintiff that plaintiff's medical bills and future [medical] bills would be paid and that the release was necessary [only] to pay for the damages to the motorcycle." Absent those allegations, the reply

does not allege a misrepresentation. Plaintiff's allegation in paragraph V of the reply that his father told him the release had to be signed to permit payment for the motorcycle is consistent with the signing of a full "release of all claims." There are no allegations in the reply that the release was for the property damage only. Our earlier interpretation of the reply was wrong. Our former decision is withdrawn.

Petition for reconsideration allowed. Former decision withdrawn; judgment affirmed.