Motion to dismiss appeal denied December 31, 1932; argued at
Pendleton May 1; affirmed June 6, 1933

# JONES *v.* HOWE-THOMPSON, Inc.

(22 P. (2d) 502)

*George S. Shepherd,* of Portland (Strayer &
Strayer, of Baker, on the brief), for appellant.

*James T. Donald,* of Baker (Hallock, Donald &
Banta, of Baker, on the brief), for respondent.

ROSSMAN, J. The appellant has not brought before us any part of the evidence, and confines its effort to show reversible error to an attack upon the complaint. The complaint alleges that the defendant is a corporation; that B. G. Thompson is its manager; that defendant is engaged in the business of selling appliances to beauty shop proprietors; that May 14, 1931, Lucille Colvard, proprietor of a beauty shop, contracted to purchase from the defendant a permanent wave machine; that the machine was thereupon installed in her shop; that Thompson represented himself as being an expert in operating and demonstrating the use of such machine; that plaintiff, as a patron of Lucille Colvard's shop, called at her shop May 14, 1931; that Thompson thereupon offered to demonstrate the machine upon plaintiff's hair for the price of $6; that plaintiff accepted his offer; that Thompson attached the machine to plaintiff's hair and turned on the electricity; that the plaintiff felt that her scalp was being burned and complained to Thompson more than once; that eight minutes later when the appliance was removed severe burns were observed upon the neck and head of plaintiff; that in the operation of the machine defendant was negligent. Among other specifications of negligence the complaint alleges the following: "That said defendant, acting as aforesaid, adjusted said machine and appliance to the scalp of plaintiff so negligently and carelessly that either live steam was forced upon the neck and head of plaintiff or that an electrically heated portion of said machine and appli-

ance came into contact with the neck and head of plaintiff so that the burns hereinbefore alleged resulted therefrom. * * *''

The defendant filed a motion praying for orders requiring the plaintiff to make portions of her complaint more definite and certain, and to strike out other parts. The motion was overruled. The order overruling it constitutes the predicate for one of the defendant's assignments of error. We have carefully considered the complaint and also the motion. We believe that the motion was properly overruled, but shall not pause to state our reasons except so far as they are indicated by the following.

Appellant argues that because the complaint alleges in alternative form plaintiff's charge concerning the particular instrumentality which caused her injury, the court erred when it did not strike from the complaint the paragraph containing the alternative allegations. No motion was made to require the plaintiff to make this paragraph more definite and certain, and no demurrer was filed against the complaint. It will be recalled from the review above that the complaint alleges that "either live steam was forced upon the neck and head of plaintiff or that an electrically heated portion of said machine and appliance came into contact with the neck and head of plaintiff". It is difficult to understand how it was important whether a jet of hot steam struck the plaintiff's neck or whether a heated portion of the metal came into contact with her neck. The material question was whether a negligent act of the defendant caused the steam or metal to come into contact with her. But let us assume that this detail, which we believe was immaterial, was important. We shall, therefore, proceed to determine whether the alternative charge rendered the pleading defective.

Three of our earlier decisions pass upon the propriety of alternative allegations. In *Ladd & Bush v. Ramsby,* 10 Or. 207, which was a suit for an injunction, the plaintiff alleged that one Simmons, defendant in a previous action, was either dead or was alive in Umatilla county at the time the plaintiff in that action attempted to serve him with summons by publication. The sufficiency of the complaint was tested by a demurrer. The decision, after pointing out that injunctions are granted only when the grounds for them clearly appear, held that the alternative allegation was an insufficient premise for such extraordinary relief. *Turney v. Southern Pacific Co.,* 44 Or. 280 (75 P. 144, 76 P. 1080), was an action to recover damages sustained by a pedestrian when she was struck by a piece of wood hurled from a passing train. The complaint charged that the employees of the railroad company negligently caused the wood "to fall or be thrown" from the train.

In holding the allegation sufficient, the decision declared:

"In an action of this kind, however, a general allegation that the act which caused the injury was negligently or carelessly done or omitted is sufficient without setting out the details of the negligence: Cederson v. Oregon Nav. Co., 38 Or. 343 (62 P. 637, 63 P. 763); Watson, Pers. Inj. § 698. This is particularly so when the manner of the commission of the negligent act is peculiarly within the knowledge of the defendant. In the latter case the plaintiff will not be required to set out the details: Louisville & N. R. Co. v. Crunk, 119 Ind. 542 (21 N. E. 31, 12 Am. St. Rep. 443). Whether the stick of wood which caused the injury to the plaintiff fell or was thrown from the engine or tender was a matter within the knowledge of the defendant, but

beyond the cognizance of the plaintiff, and it was impossible for her to state which was the case. Indeed, after all the testimony on the trial was in, the truth in this regard was not clear''.

In *Kornbrodt v. Equitable Trust Co.,* 137 Or. 386 (2 P. (2d) 236, 3 P. (2d) 127), which was an action to recover damages for a breach of contract, the complaint, in averring the terms of the contract, alleged:

''An agreement was thereupon entered into by and between defendant and plaintiff whereby defendant promised and agreed that if plaintiff would comply with its request aforesaid, the defendant would reimburse plaintiff for the amount of money plaintiff had lost by sale of the Snake River Irrigation District bonds aforesaid, that defendant would hire an attorney to protect plaintiff's interests, and that defendant would buy back the Murphy Irrigation District bonds hereinabove mentioned and pay to plaintiff the full amount paid by him for these bonds and/or would guarantee that plaintiff would suffer no loss in the value of the Murphy Irrigation District bonds''.

We there held that the circuit court should have sustained defendant's demurrer to the complaint. It will be observed that the plaintiff was suing for a breach of a contractual obligation, and that the complaint stated that the contract was one or the other of two propositions.

In the first of these three cases the pleader was seeking an injunction and could be entitled to the extraordinary relief which he sought only in the event that he clearly established his right to it. The decision held that his uncertainty concerning Simmons' death denied him the privilege of an injunction. In the second case the pleader could not know whether the train crew threw the stick of wood or negligently permitted it to fall. In either contingency the defendant

was liable, and it had better access to the truth than the plaintiff. In the third case the plaintiff surely knew the terms of the contract which he was seeking to enforce and to which he was a party. There could be no occasion for averring the obligation in alternative form.

Our rule of pleading (§ 1-604, Oregon Code 1930) requires the pleader in the drafting of his pleading to make "a plain and concise statement of the facts". It says nothing about alternative language. Language which is alternative in form may not be sufficiently plain if the pleader plainly knows the truth, or should know it. But it occasionally must occur that after an accident has happened which has inflicted an injury upon one who now desires to sue, that he knows that the prospective defendant committed one or the other of two acts, and was negligent in either event, but is unable to determine with sufficient certainty which one so as to justify him in abandoning the one as a premise for his action and swearing to the other. Under such circumstances, if disjunctive language will not unfairly inconvenience the defendant, the plaintiff may employ alternatives in his complaint. This, we believe, is the principle employed in *Turney v. Southern Pacific Co.,* supra. And we also believe that its employment in that case did no violence to the statement of the same principle in the other two cases. The term "plain and concise statement" employed in section 1-604, Oregon Code 1930, is a relative term, and requires no greater plainness of statement than can reasonably be expected of the pleader. At common law the use of alternative language was prohibited. The strict enforcement of that rule in common law states today, as, for instance, by the Maine court in *Macurda v. Lewiston Journal Co.,* 104 Me. 554 (72 Atl. 490), (cited by appellant)

meets with criticism. See The Progress of The Law, 33 Harvard Law Review, page 236, at page 244. And as code pleading is more and more ridding itself of the shackles of common law pleading alternative language, where the pleader does not know the truth, is winning to itself new support. Clark on Code Pleading, page 172; 33 Yale Law Journal 365; 49 C. J., Pleading, p. 98; Pomeroy's Code Remedies (5th Ed.) 689. In the present instance, it seems fair to assume that the plaintiff could not know whether steam or heated metal caused the injury. She charged negligence in positive language. The instrumentality was in the control of the defendant and the employees of Lucille Colvard who were acting under the defendant's directions. Likewise, as in *Turney v. Southern Pacific Co.,* supra, the defendant had ready access to the truth. We conclude that the court did not err when it overruled the defendant's motion to strike from the complaint the above-mentioned paragraph.

We have carefully considered all other contentions advanced by the defendant. We have found them without merit and believe that the above sufficiently expresses our reasons for so concluding.

It follows from the above that the judgment of the circuit court is affirmed.

BEAN, CAMPBELL, and BAILEY, JJ., concur.