Argued October 27, reversed and remanded November 12, 1964

## PAYNE *v.* GRIFFIN

396 P. 2d 573

*H. B. Johnson,* Baker, argued the cause for appellant. On the briefs were Jackson & Johnson, Baker.

*Harold M. Daron,* Baker, argued the cause for re-

spondent. On the brief were Grant, Fuchs, Rose & Daron, Baker.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and LUSK, Justices.

GOODWIN, J.

This is an action to recover money alleged to be due upon an oral contract made by the defendant's testator. The merits of the action are not before us. The issue is the correctness of the trial court's ruling that the action could not be maintained.

The defendant demurred to the plaintiff's amended complaint. The court sustained the demurrer and entered judgment thereon. The plaintiff appeals that ruling.

The trial court held that because the plaintiff had previously filed a claim against the estate of the deceased obligor, and because he had attempted to press that claim in the county (probate) court, the plaintiff could not thereafter file an action at law in the circuit court to recover from the estate the same alleged debt sought to be recovered in the probate-court proceeding.

ORS 116.525 provides:

"Any claimant may present any rejected claim to the probate court for allowance within 30 days after service of notice upon him or his attorney of such rejection * * *."

It will be helpful to an understanding of this case if we outline the chronology of the important events.

On May 22, 1956, an alleged breach of contract occurred.

On April 20, 1959, this creditor filed with the executrix of the estate a claim based upon the 1956 breach of

contract. On May 26, 1959, the creditor's claim was rejected by the executrix.

June 25, 1959, was the last day during which a rejection could be contested in probate court pursuant to ORS 116.525. No such action was taken.

On June 1, 1960, the creditor filed an objection to the final account of the executrix. On this same day, either unaware of, or unconcerned with, the thirty-day limit provided in ORS 116.525, the creditor attempted to present the rejected claim in the probate court. Because the claim exceeded $500, the executrix moved on October 11, 1960, to have the claim transferred, and it was transferred, to the circuit court.

On March 30, 1961, the executrix filed a demurrer to the claim upon the ground that on its face the claim showed that it had not been filed within the time permitted by ORS 116.525.

On April 6, 1961, the creditor filed an action in the circuit court for the recovery of the same amount of money claimed against the estate.

On April 14, 1961, the circuit court denied a motion by the creditor to remand the probate claim to the probate court and sustained the demurrer thereto which had been filed by the executrix.

On December 13, 1962, the executrix filed a demurrer to the creditor's amended complaint in the action at law.

On February 10, 1964, the circuit court sustained the demurrer to the amended complaint in the action at law and entered the judgment now being appealed.

Since the creditor had not commenced his attempted proceeding under ORS 116.525 within the time provided by that section, his attempt to proceed under ORS 116.525 was analagous to an action filed after the running of a statute of limitations. The chronology

shows, however, that no matter how futile may have been the creditor's performance under ORS 116.525, the action at law filed in the circuit court was filed well within the time in which an action upon a contract may be filed against the personal representative of one of the parties. See ORS 121.080, 121.090.

The executrix now says that if the plaintiff is not barred by his election of remedies, he is barred by a "conclusive election" of tribunals. We find nothing in the respondent's brief to enlighten us upon the alleged distinction between an imprudent choice of a theory of recovery in a proper forum and an erroneous selection among several available courts. Whether a litigant is mistaken in his legal theory or in his choice of court, we believe that his predicament involves the general problem of election of remedies.

The defendant has cited *The People v. Haas,* 351 Ill 68, 183 NE 813 (1932). The Illinois court held that when two courts had concurrent jurisdiction to allow writs of mandamus and the petitioner had sought and filed to obtain a writ in a lower court, the supreme court would not entertain a petition for the same relief. The defendants fail to note that in the Illinois case the principal reason for denying relief in the second proceeding was not that there had been an election of remedies, but rather that the petition had been finally adjudicated on its merits by a court of competent jurisdiction and was therefore *res judicata.* The court went on to say that where two courts have equal jurisdiction the election to seek a remedy in one of them will be binding upon the litigant. It should be obvious that such a rule is necessary to facilitate the orderly conduct of the business of the courts, but it is only remotely related to the problem of election of remedies.

In the case before us, the two courts had concurrent jurisdiction. It makes no difference whether the probate court or the circuit court decided the creditor's claim in the first proceeding. Either court could have decided the claim. The question here is whether the adverse decision, based upon a late filing, upon the creditor's claim, had any effect upon the merits of the law action in another court.

The executrix argues that before the creditor filed the present action in the circuit court he knew that he was going to receive an adverse ruling upon his claim already pending. Even assuming that the executrix's argument is correct, it makes no difference in this case. It is clear that the creditor had filed too late to receive a remedy in the probate court if the executrix chose to raise the point. When the executrix did raise the point, the creditor abandoned the probate claim and attempted to seek his remedy in another court, the doors to which had not been closed by the running of time.

■■ In this state, the selection of a remedy that is not available does not bar a later resort to an available remedy. *Ladd v. General Insurance Co.,* 236 Or 260, 265, 387 P2d 572 (1964) ; *Sheppard v. Blitz,* 177 Or 501, 163 P2d 519 (1945) ; *Dean v. Cole,* 103 Or 570, 204 P 952 (1922). In the case at bar, since the executrix did not waive the defense of the running of the thirty-day period, we will assume that it was a sufficient defense to prevent recovery in the proceedings under ORS 116.525. Consequently, the creditor's attempt to proceed under ORS 116.525 may be characterized as the pursuit of a nonexisting remedy.

■ If we had a case in which there was no question of timeliness raised in the probate court, and in which the proceedings had gone to judgment, we would then

have a proper case in which to apply the doctrine of *res judicata*. However, the ruling on the demurrer in the proceedings transferred from the probate court had no effect upon the plaintiff's right to bring a later action in the circuit court. There was never a decision upon the merits of the claim. The creditor may have wasted a substantial amount of time for all concerned, but that kind of conduct does not constitute a statutory basis for denying him a hearing upon the merits of his action.

The mistake of a pleader who files a late claim and then abandons it is not the kind of blunder that should fall within the so-called election rule which may trap those who seek to pursue two inconsistent remedies. *Cf. Bank of Calif. Nat. Ass'n v. Schmaltz,* 139 Or 163, 9 P2d 112 (1932). The creditor's abortive attempt to obtain a judgment in the probate court (proceedings transferred to the circuit court) only resulted in a decision upon the question of whether or not the claim had been filed in time. The court held that it had not. Consequently, the claim presented could not be considered by the court in the proceedings then pending.

The creditor still had time in which to file an action in the circuit court upon the original contract. When the new action was challenged by demurrer, the defense was not that the action was filed too late, but that the plaintiff (creditor) had previously pursued the same claim in the probate court and thus had elected his remedy. As we have seen, the doctrine of election of remedies does not apply in this state where the first attempt is terminated because of a procedural defect or obstacle. The demurrer below should have been overruled and the cause should have been brought to issue and disposed of on its merits.

Reversed and remanded.