MARY TRAUSCH, APPELLANT AND CROSS-APPELLEE, v. ROBERT LEE KNECHT, APPELLEE AND CROSS-APPELLEE, RESERVE INSURANCE COMPANY, GARNISHEE-APPELLEE AND CROSS-APPELLANT.

165 N. W. 2d 738

Filed March 7, 1969. No. 37044.

Edward Shafton and Bernard Vinardi, for appellant.

John R. Douglas and Cassem, Tierney, Adams & Henatsch, for garnishee-appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and NEWTON, JJ., and HASTINGS, District Judge.

NEWTON, J.

This is an action in garnishment involving a question of liability under an insurance policy issued by the garnishee, Reserve Insurance Company.

On March 13, 1965, plaintiff was a guest passenger in an automobile involved in an intersection accident. She alleged that she sustained personal injuries as the result of a collision between the automobile in which she was a passenger and an automobile operated by Robert Lee Knecht. Knecht carried insurance with the Reserve Insurance Company providing coverage of $10,000 for injuries to any one person.

The record is completely void of any evidence regarding the circumstances of the accident. The only evidence appearing regarding damages are medical reports of plaintiff's doctors showing her condition following the accident and medical expenses incurred. The reports indicated at least part of her difficulty was due to a congenital defect which may or may not have been aggravated by the accident and are not clear as to the ex-

istence or extent of any permanent disability.

Knecht notified garnishee of the accident and extensive negotiations were conducted by plaintiff's attorneys with garnishee commencing May 1965 and continuing into May 1967. Commencing August 5, 1966, plaintiff's attorneys made continuous threats of legal action but did not file suit until June 19, 1967. Service of summons was obtained on Knecht in the Nebraska Penal and Correctional Complex of which he was then an inmate. Knecht failed to notify garnishee of the commencement of suit and service of summons. On August 2, 1967, default was entered against Knecht and on October 16, 1967, judgment was entered in the sum of $45,-000, all during the July 1967 term of the district court. No further proceedings were had until the commencement of a garnishment action against garnishee at the January 1968 term of court. Subsequently, the court entered an order to show cause why the default judgment should not be set aside. Knecht failing to plead thereafter, the judgment was not set aside. In the meantime, the garnishee had appeared and answered in the garnishment action. Judgment for plaintiff in the sum of $10,000 was entered against the garnishee. Both parties moved for a new trial. The motion of plaintiff was overruled and the motion of garnishee sustained. Plaintiff appealed and garnishee cross-appealed.

The defense of garnishee is based upon the provisions of the Knecht policy requiring insured, if claim is made or suit brought against him, to immediately forward every "demand, notice, summons or other process received by him * * * ," and further providing that no action should be brought against insurer unless, "as a condition precedent thereto," the preceding provision has been complied with. Plaintiff maintained that the policy provisions were waived when insurer garnishee's representative called on Knecht following the accident, obtained his version of the circumstances attendant upon the accident, and, as Knecht said, informed him: "I will

take care of everything from now on." Garnishee did not thereafter contact Knecht in any manner.

"The rule firmly established by weight of authority is that where provisions relating to notice of accident and forwarding of a summons or other process are made conditions precedent to recovery, the failure to act with reasonable timeliness will release the insurer from the contractual obligation, although no prejudice may have resulted." 2 Long, The Law of Liability Insurance, § 13.18, p. 13-45. It is then stated that there is a present-day tendency to consider automobile insurance as not only a contract between the insurer and the insured, but also a contract for the benefit of the public, and to hold the insurer liable in the absence of prejudice. Nebraska appears to follow the latter rule. In MFA Mutual Ins. Co. v. Sailors, 180 Neb. 201, 141 N. W. 2d 846, it is held that: "An insurer cannot assert a breach of the cooperation clause as a policy defense in the absence of a showing of prejudice or detriment to the insurer."

In the present instance, it would appear that insurer was definitely prejudiced. It had no notice of suit until a final default judgment had been entered and the term at which it was entered had expired. It is true that after garnishee had denied liability, the court entered an order to show cause why the judgment should not be set aside, but it is doubtful if grounds justifying a setting aside of the judgment at a subsequent term were present. In any event, Knecht did not see fit to make any showing and insurer could not. In Hawkeye Casualty Co. v. Stoker, 154 Neb. 466, 48 N. W. 2d 623, this court ruled that: "An insurer does not have the right without consent of the insured to retain control of the defense of an action indemnifiable under the apparent terms of an insurance policy and at the same time reserve the right to disclaim liability on the policy."

On the record in this case, it is not possible to conclude that there may not have been meritorious defenses

to the action against Knecht and to plaintiff's claim that she sustained substantial damages amounting to or exceeding coverage under the policy.

Plaintiff contends that garnishee is estopped from insisting upon compliance with the requirement that it be given notice of suit. In this respect, plaintiff relies upon the statement of the adjuster allegedly made to Knecht soon after the accident that: "I will take care of everything from now on."

This could not have constituted waiver by garnishee of the policy provision since at the time the words were spoken, no breach of the policy provision had occurred. A violation which has not occurred cannot be waived. Waiver is an intentional relinquishment of a known and existing advantage and there can be no waiver unless the party against whom it is invoked was in possession of material facts and acted with intent to waive. See, George v. Guarantee Mutual Life Co., 144 Neb. 285, 13 N. W. 2d 176; Armbruster v. Stanton-Pilger Drainage Dist., 169 Neb. 594, 100 N. W. 2d 781.

Did the statement of garnishee's agent provide a ground for estoppel? Insured notified garnishee of the accident and garnishee proceeded to investigate in regard thereto. In the course of the investigation, garnishee's agent consulted with Knecht, the insured, presumably obtained his version of the accident. and allegedly stated: "I will take care of everything from now on." The policy contained a requirement that insured must give notice in the event suit was brought against him in addition to the notice of accident. As in any other contract, insured was bound to know the terms of the policy. Having given notice of the occurrence of the accident, Knecht had a right to expect that garnishee would cause it to be investigated and, in the event liability on his part was determined and claim made, that garnishee would negotiate for settlement. At the time it is claimed garnishee's agent made the statement in question. the matter was in the investiga-

tive stage. Liability had not been determined or conceded by garnishee. There had been no threat of suit or legal action. Under such circumstances, was the insured justified in assuming that the statement made was intended to mean that if he were sued he need not forward notice of the suit? To so hold would place a strained construction on the words used and frequently, as in this case, make it impossible for the insurer to fulfill its obligation of defending insured in the action brought against him. It would also tend to render possible collusion between the injured party and the insured. Here we have only the word of the insured relative to the alleged conversation with the adjuster. Estoppel was not pleaded nor was that issue tried and apparently the trial court deemed the record made inadequate to sustain a finding of estoppel. In this we concur. Estoppel cannot arise where all parties interested have equal knowledge of the facts, or where the party setting up estoppel is chargeable with notice of the facts, or is equally negligent or at fault. See, Scottsbluff Nat. Bank v. Blue J Feeds, Inc., 156 Neb. 65, 54 N. W. 2d 392; Watkins v. Dodson, 159 Neb. 745, 68 N. W. 2d 508. Plaintiff's right to estoppel is derivative in nature and can be no more extensive than that enjoyed by Knecht. Knecht knew or should have known that his insurance contract required him to give notice to his insurer of any legal action brought against him and that in the absence of such notice, his insurer had no certain means of ascertaining the pendency of such action or where it was brought. The words upon which he claims to have relied are commonly used in like situations to assure the insured that insurer will take care of all matters preliminary to suit and of the suit itself when notified of it. No ordinarily prudent person would interpret them as did Knecht.

The action of the district court in sustaining garnishee's motion for new trial is affirmed and that court

is directed to dismiss plaintiff's action in garnishment.

AFFIRMED WITH DIRECTIONS TO DISMISS.

WHITE, C. J., and BOSLAUGH, J., dissenting.

We respectfully dissent from the holding of the majority opinion directing the total dismissal of the garnishment action. A new trial should be granted, as the trial court directed, to try and dispose of the issues raised by the garnishee.

WHITE, C. J., separately dissenting.

Properly interpreted the insurance company's sole claim of prejudice is the excessiveness of the default judgment entered against it. We now hold in this garnishment action that it was prejudiced because it did not receive the notice and summons of suit. Therefore, I feel, its relief should go no further than the degree of prejudice that it suffers from the entry of the claimed excessive default judgment. The remedy granted should not overreach the mischief sought to be prevented. It would appear that the plaintiff should be given a full opportunity to remove the mischief of the default judgment in the garnishment action by an offer to stipulate to the setting aside the entry of the default judgment, or by its consent to such entry, or by giving the garnishee a full opportunity to prove the amount and the nature of the prejudice that it has suffered as a result of the entry of the excessive default judgment.

The trial court properly granted a motion for a new trial in order to determine these issues. Although this court has the authority to do so, I believe that it is a grave injustice to the plaintiff in this case to arbitrarily dismiss the garnishment proceedings and completely exonerate the insurance company from liability.

If the law in Nebraska is that an insurance company, under the language of the policy present in this case, is completely exonerated from liability under the policy because of its failure to have been notified of suit, then the result in this case should be as the majority holds. However our rule that prejudice must be shown cannot

logically extend beyond relief for the prejudice actually demonstrated by an excessive default judgment.