Argued September 11, reversed and remanded November 5, 1970

## JOHNSON, *Appellant, v.* DAVE'S AUTO CENTER, INC. ET AL, *Respondents.*

476 P2d 190

*Thomas B. Brand,* Salem, argued the cause for appellant. With him on the brief were Brand, Lee & Ferris, Salem.

*George R. Rhoten,* Salem, argued the cause for respondent. With him on the brief were Rhoten, Rhoten & Speerstra, Salem.

Before O'CONNELL, Chief Justice, and MCALLISTER, DENECKE, TONGUE, HOWELL, SCHWAB and MENGLER, Justices.

TONGUE, J.

This is an action for $7,541.55 in special damages for hospital and medical expenses and $40,000 in general damages for personal injuries resulting from an automobile accident. Plaintiff's complaint alleges that he was a paying passenger in a truck owned by defendant Dave's Auto Center, Inc. and driven by defendant Arthur Neil Roberts and that he was injured as a result of defendant's negligence in the operation of the truck.

The answers of both defendants allege, as affirma-

tive defenses, that the plaintiff asserted a claim under the Oregon Workmen's Compensation Law for compensation for injuries resulting from the same accident; that in that proceeding plaintiff asserted that he was an employee of defendant Dave's Auto Center, Inc., which was a contributing employer under that law; that this claim was compromised and settled by payment of $7,935.71; that this was plaintiff's "sole remedy," and that in asserting such a claim plaintiff made a "judicial election of remedies," barring any remedy against defendants; that, under these same facts plaintiff was estopped from asserting such a claim, and that, in any event, any damages awarded to plaintiff should be reduced by the amount received as a result of that settlement.[1]

Plaintiff filed demurrers to these answers and also replies alleging that defendants were barred and estopped from raising such defenses for the reason that defendant Dave's Auto Center, Inc. had at all times denied that plaintiff was its employee. In turn, defendants demurred to these replies.

A hearing was then held on the issues of law raised by the demurrers to the answers and the demurrers to the replies, as well as upon the limited issue of fact raised by the affirmative defenses and replies. At that

---

[1] This complaint was filed by plaintiff as the mother and guardian of her son, while the claim for Workmen's Compensation was made directly by him. For the purpose of this opinion, however, and as a practical matter, the injured son will be referred to as the plaintiff.

Similarly, although the two defendants filed separate answers, all parties have considered both defendants to have the same rights and duties, without distinction, despite the fact that only one of the defendants (Dave's Auto Center, Inc.) was claimed to be plaintiff's employer in his claim for Workmen's Compensation, the remaining defendant (Arthur Neil Roberts) being an employee engaged in driving the truck.

time no testimony was offered, but the parties stipulated to the following facts in addition to those admitted for the purposes of the demurrers: That when plaintiff filed a claim with the Workmen's Compensation Board, a copy of that claim was sent to defendant Dave's Auto Center, Inc., which then filed with the Board a "response" entitled "Employer's Report of Occupational Injury," signed by its sales manager, in which it was stated that "This man was not employed"; that the Board then issued an order denying plaintiff's claim upon the ground that he was not an employee; that plaintiff then requested a hearing, at which testimony was taken, but which was not completed; that while plaintiff still contended that he was an employee, the State Compensation Department still denied that fact; that a settlement was then agreed upon as set forth in a stipulation reciting that the settlement was made "on the basis of a disputed claim, and without any admission of liability by either party as to the status of employment or nonemployment"; that an "Order Approving Disputed Claim Settlement" was then made by the Board, and that under the terms of that settlement plaintiff's doctor, hospital and medical expenses in the sum of $7,541.55 were paid, plus attorney's fees and costs, resulting in a total payment in the sum of $7,935.71. It was also stipulated that this payment "is not being charged against Dave's Auto Center, Inc. by the State Compensation Department."

Based upon this record the trial judge held that plaintiff "in pursuing his remedy to an award from the Workmen's Compensation Board cannot now, as an employee, make claim against the defendant, the employer." Plaintiff appeals from the resulting judgment for the defendants.

Plaintiff's principal contentions on this appeal are: (1) that by filing a claim with the Workmen's Compensation Board and by entering into a compromise settlement of that claim plaintiff is not barred or estopped from filing the present action against defendants, either on the ground of election of remedies or otherwise; (2) that, in any event, by denying that plaintiff was an employee upon the filing of that claim, defendants are now themselves estopped from relying upon any such defenses; and (3) that defendant also is not entitled to a reduction or offset of the amount received by plaintiff under the settlement with the Workmen's Compensation Board from the amount of any verdict which may be returned by a jury in favor of plaintiff on remand of this case for further trial. Plaintiff concedes, however, that if the jury should find, contrary to plaintiff's contention, that he was an employee he would not be entitled to any recovery in this case.

The doctrine of election of remedies, although long the subject of criticism as a "weed" of somewhat recent origin in the "garden of the common law" and one resulting from the "carelessness of judicial gardeners,"[2] is nevertheless firmly rooted in the law of Oregon, as indicated by its recognition in numerous cases.[3]

---

[2] Hine, "Election of Remedies, a Criticism," 26 Harv L Rev 707, at 719.

See also: Davidson, "A Proposal to Abolish the Doctrine of Election of Remedies," 13 Or L Rev 298; Deinard, "Election of Remedies," 6 Minn L Rev 341 and 480. Note, "Election of Remedies: A Delusion?", 38 Col L Rev 293; Rothschild, "A Remedy for Election of Remedies: A Proposed Act to Abolish Election of Remedies," 14 Cornell L Q 141; Clark, Code Pleading 493-498, § 77 (2d ed).

[3] See Or Dig, Election of Remedies, and cases cited therein. Election of remedies may also apply not only to proceedings between the same parties, but also, under some circumstances, to proceedings between different parties. 116 ALR 601.

This court, however, in *Elliott v. Mosgrove*, 162 Or 507, 553, 93 P2d 1070 (1939), agreed with the statement by the Supreme Court of the United States in *Friederichsen v. Renard*, 247 US 207, 62 L ed 1075, 38 S Ct 450 (1917), that "for obvious reasons it has never been a favorite of equity." Indeed, in *Friederichsen*, the court also said (at p 213) that:

"At best this doctrine of election of remedies is a harsh, and now largely obsolete rule, the scope of which should not be extended, * * *."

To the same effect, this court made the following observation in *Sheppard v. Blitz*, 177 Or 501, 163 P2d 519 (1945), with reference to the doctrine of election of remedies when it said (at p 511) that:

"We are concerned here with procedure, which is the 'means whereby the court reaches out to restore rights and remedy wrongs; it must never become more important than the purpose which it seeks to accomplish'."

It has also been recognized by this court that much of the confusion and seeming conflict in judicial opinions on this subject arises out of a failure to observe the distinctions between the doctrine of election of remedies and those of estoppel and res judicata. *Oregon Mill & Grain Co. v. Hyde*, 87 Or 163, 173, 169 P 791 (1918). Indeed, there is considerable support for the view that the doctrine of election of remedies had "no independent viability" and that "estoppel and res judicata can be employed without resort to the election doctrine."[4]

---

[4] 5A Corbin, Contracts 461, § 1220; Note, "Election of Remedies: The California Basis," 19 Hastings L J 1233, 1246-47. See also 26 Harv L Rev, *supra*, at 708, and 38 Col L Rev, *supra*, at 319. See also Ladd v. General Insurance Co., 236 Or 260, 264-65, 387 P2d 572 (1964), and Schenck v. State Line Telephone Co., 238 NY 308, 144 NE 592, 593 (opinion by Cardozo, J.).

In any event, it is well established in Oregon that the "selection of a remedy that is not available does not bar later resort to an available remedy." *Payne v. Griffin*, 239 Or 91, 95, 396 P2d 573 (1964), and cases cited therein.⑨ Thus, as held in *Ladd v. General Insurance Co.*, 236 Or 260, 265, 387 P2d 572 (1964), quoting Mr. Justice Cardozo in *Schenck v. State Line Telephone Co.*, 238 NY 308, 311, 144 NE 592 (1924):

> "If in truth there is but one remedy, and not a choice between two, a fruitless recourse to a remedy withheld does not bar recourse thereafter to the remedy allowed * * *."

This rule has been applied in cases in which plaintiff, in the filing of his original action, proceeded in the mistaken belief that the facts, as well as the law, were such as to entitle him to recover. *Elliott v. Mosgrove*, 162 Or 507, 553, 93 P2d 1070 (1939). See also *Cook v. Kinzua Pine Mills Co.*, 207 Or 34, 52, 293 P2d 717 (1956); *Jones v. Howe-Thompson, Inc.*, 143 Or 337, 343, 22 P2d 502 (1933); and *Rehfield v. Winters*, 62 Or 299, 306, 125 P 289 (1912).⑩ See also Brandies, J., dissenting in *United States v. Oregon Lumber Company*, 260 US 290, 305, 67 L ed 261, 43 S Ct 100 (1922).

In this case, the facts relating to the question whether or not plaintiff was an employee of defendant

---

⑨ This has been distinguished, however, from an election between substantive rights which could not co-exist, such as the right of a party to a contract induced by fraud of the other party either to affirm the contract and file an action at law for damages for its breach or to disaffirm the contract and file a suit in equity for rescission of the contract. See Bafico v. Southern Pacific Co., 244 Or 341, 346. But see Sheppard v. Blitz, *supra*, at 511; and Dean v. Cole, 103 Or 570, 577, 204 P 952 (1922).

⑩ Indeed, the making of inconsistent allegations of *fact* in two proceedings or in the same proceeding is generally regarded as not to constitute an election between inconsistent remedies, since that doctrine assumes the existence of more than one remedy from the same facts. See 14 Cornell L Q, *supra*, at 143 and Clark, *supra*, at 495-96.

Dave's Auto Center, Inc., are not included in the record of the hearing before the trial court. Apparently, however, plaintiff was not a regular employee of that defendant, but was riding as a passenger in defendant's truck on a trip to pick up some cattle. From all that appears from the record in this case, plaintiff may have been mistaken, in good faith, as to the ultimate question of law or fact whether or not he was an employee, based upon all of the evidentiary facts. Thus, based upon this record, we hold that the *filing* by plaintiff of his claim with the Workmen's Compensation Board for compensation which would be payable only if he was an employee, did not, of itself, bar plaintiff by the doctrine of election of remedies or estoppel from later filing his complaint in this case.[⊙]

■ Ordinarily, there is no binding election of remedies unless and until the first proceeding has proceeded to a judgment on the merits. On the contrary, it is generally held that there is no binding election of remedies when the original action resulted in a voluntary nonsuit, for the reason that such a judgment "does not reach the merits" and thus does not establish an estoppel on any issue in the case. *Fleming v. Wineberg,* 88 Adv Sh 547, 551, 253 Or 472, 455 P2d 600 (1969); cf. Restatement of the Law, Judgments § 53.

This is particularly true in cases involving claims under Workmen's Compensation Acts. Thus, in this case, it is clear that if plaintiff had withdrawn his claim

---

[⊙] Cf Carter v. Ferris, 337 SW2d 852, 855 (Tex Civ App 1960).

Thus, under this record, this is not a case in which, as sometimes held, a plaintiff who solemnly swears an oath to certain facts is held to be barred, as a matter of "judicial estoppel," from later repudiating such facts by seeking to recover under a complaint alleging contrary facts. See Clarke v. Ripley Savings Bank & Trust Co., 27 Tenn App 387, 181 SW2d 386 (1944).

from the Workmen's Compensation Board without any decision by it on the merits to the effect that he was or was not an employee, plaintiff would have been free to file the present action and would not have been barred from doing so under the doctrine of election of remedies, even though he had filed that claim on the basis and in the belief that he was an employee.[8]

On the other hand, if the Workmen's Compensation Board had allowed plaintiff's claim and had made an award of compensation on the basis of a determination that he was an employee, plaintiff would clearly have been barred from filing the present action. *Kowcun v. Bybee*, 182 Or 271, 296, 186 P2d 790 (1947). See also 122 ALR 614. Conversely, if the Board had denied his claim on the basis that he was not an employee, plaintiff would then have been entitled to file this action against these defendants. *Bandy v. Norris, Beggs & Simpson*, 222 Or 1, 24, 342 P2d 839 (1960). See also 2 Larson, Workmen's Compensation Law 149-150, § 67.22.

The more difficult question, as presented by this case, is whether the settlement of plaintiff's claim for compensation by payment of a lump sum representing medical and hospital expenses, attorney fees, and costs, but not including compensation for the injury and without determination whether he was or was not an employee (and expressly without prejudice on that issue) is a bar to the filing of this action, whether on the ground of election of remedies or estoppel.

In *Bandy*, as pointed out by the specially concurring opinion of Lusk, J. (at p 24), the amount paid by the

---

[8] It is conceded that this case does not involve a so-called "third party claim," since defendants were not third parties under ORS 656.154 and 656.578 to 656.597, by which specific procedures are provided for election of remedies by employees in such cases.

Board to the plaintiff in that case was paid as an award of compensation after determination that she was an employee, and was thus presumably "adequate to compensate her for her injury." In this case, however, the payment to plaintiff was made pursuant to ORS 656.289(4), enacted in 1965, after the decision in *Bandy*, and which provides as follows:

> "Notwithstanding ORS 656.236, in any case where there is a bona fide dispute over compensability of a claim, the parties may, with the approval of a hearing officer, the board or the court, by agreement make such disposition of the claim as is considered reasonable."

In support of defendant's contention that there was a binding election of remedies in this case defendants say that in order for the election of remedies to become "conclusive the party making the election must have received some *benefit* or the other party must have suffered some *detriment*," quoting from 25 Am Jur 2d 650, Election of Remedies § 4 (emphasis added). Thus, defendants contend that this doctrine, as well as the doctrine of estoppel, is applicable in this case both because defendants suffered a "detriment" and also because plaintiff received a substantial "benefit" upon being paid $7,935.71 under the terms of the settlement.

On the contrary, plaintiff relies upon authorities which hold, in effect, that the doctrine of election of remedies does not become conclusive upon the receipt of *any* benefit by the plaintiff or the suffering of *any* detriment by the defendant, but only where plaintiff has been benefited by being "unjustly enriched" or by acquiring some "unfair advantage" over defendant or when defendant has been actually misled by plaintiff's conduct or has suffered detriment in reliance upon or

as the result of such conduct so as to involve an inequitable result. These contentions are consistent with the trend of decisions to limit the doctrine of election of remedies so as not to become an "instrument of injustice," and so as to become an application of the doctrine of estoppel. See *Rhode Island Hospital Trust Company v. The Rhode Island Covering Company, Inc.*, 95 RI 30, 182 A2d 438, 442 (1962); *Cooley v. Rahilly*, 200 So 2d 258, 259 (Fla App 1967); *Carter v. Ferris*, 337 SW2d 852, 855 (Tex Civ App 1960); *Ivey v. Dixon Investment Company*, 283 Ala 590, 219 So 2d 639, 642 (1969).⑨ In *Trausch v. Knecht*, 184 Neb 134, 165 NW2d 738 (1969), the court also stated, at p. 742:

> "Estoppel cannot arise where all parties interested have equal knowledge of the facts, or where the party setting up estoppel is chargeable with notice of the facts, or is equally negligent or at fault."

Indeed, defendants, in response to the citation of these authorities, also contend that "the election of remedies doctrine was meant to prevent injustice," and differ primarily in their contention that the application of the doctrine in this case is proper for the reason that "should the plaintiff recover he would be unjustly enriched and defendant would be misled."

In support of defendants' claim of "detriment," it is contended that defendants "acted upon plaintiff's assertion that he was an employee and did not contest it since it was assumed that this compromise was the best method of fully terminating the matter"; that defendants "changed their position when they did not

---

⑨ See also Dresser, Procedural Control of Damages by Election of Remedies, 12 Hastings L J 171; and 5A Corbin, Contracts 461, § 1220.

further contest the matter"; and that they relied upon the stipulation and award.

The record shows, however, only that when plaintiff filed a claim with the Workmen's Compensation Board defendant's sales manager filled out a report form in which the question "If you doubt validity of claim state reason" was answered with the statement, "This man was not employed." The stipulation for settlement did not name defendants as parties to that stipulation and was not signed by them or on their behalf.[10] The record of proceedings before the Board is not before this court.[11] Thus, there is no basis under the record in this case for the conclusion that in those proceedings defendants changed their position or otherwise acted in reliance upon the assertion by plaintiff that he was an employee. Neither is there any basis for the conclusion that defendants suffered any substantial detriment as a result of that assertion, since it is stipulated that the settlement payment was "not being charged against Dave's Auto Center, Inc. by the State Compensation Department."[12] Cf. *Conder v. Hayden*, 335 SW2d 909, 911 (Ky App 1960).

---

[10] Defendants contend that they were "parties to the stipulation even though they did not sign it" because it was a settlement for the benefit of "all concerned" and was intended to terminate the matter. This, however, would not appear to satisfy the requirement that defendant must have suffered detriment or disadvantage as a result of reliance upon plaintiff's conduct.

[11] Despite the suggestion in this case that the transcript of proceedings before the Board might be included "if counsel wants to," no such transcript was offered or received in evidence.

[12] Although it would follow that the funds for the settlement payment were provided by all covered employers in Oregon, as a class, defendants prorata share of that payment would have been so small as to be "de minimus," at least in the sense that it did not constitute a sufficiently "substantial detriment." On the contrary, it is far more probable that if defendants had not denied that plaintiff was an employee, he would have received a much larger award, and one chargeable to defendants' account.

In support of defendants' contention that receipt of the amount received by plaintiff in settlement of his claim was such a "benefit" as to require application of the doctrine of election of remedies, it is contended that a compromise and settlement of a claim for workmen's compensation is "equivalent to a decree" and is "in the nature of a satisfaction," citing 58 Am Jur 838-839, Workmen's Compensation § 393, and *Texas Employees Insurance Association v. Knouff*, 271 SW 633 (Tex Civ App 1925). These authorities, however, stand only for the proposition that a compromise and settlement of a "claim for compensation" is a bar "to a claim for further compensation," in the absence of a claim of fraud or mistake. See 58 Am Jur, *supra*, 838 and 65 ALR 163. There is authority, however, for the proposition that if the pursuit of one remedy results in a compromise and settlement, there may be a binding election of remedies barring a subsequent action to obtain recovery for the "same claim." 6 ALR2d 21, citing *Knowles v. Dark & Boswell*, 211 Ala 59, 99 So 312 (1924), and *Gerard v. National Bond & Mortgage Corporation*, 86 SW2d 74 (Tex Civ App 1935). It has also been stated that, "as a general rule," settlements made in accordance with provisions of Workmen's Compensation Acts operate as a bar to common law rights against the employer. Schneider, Workmen's Compensation 668, § 1887 (3d ed). But see, 100 CJS 214-217, Workmen's Compensation Acts § 407(b) (2) and cases cited therein.

■ In our view, however, a different result is required in this case for several reasons.

First, the stipulation for settlement of plaintiff's claim under the Workmen's Compensation Act was not the usual settlement of a claim for compensation under

that Act, in which it is presumed that the amount paid under the settlement was in the full amount of the compensation required by provisions of that Act.[⑨] Instead, the settlement of plaintiff's claim was made under ORS 656.289(4), the recently enacted provision authorizing compromise settlements of disputed claims and the stipulation for settlement expressly provided that the payment was made "without admission of liability by either party as to the status of employment." Cf. Schneider, *supra*, at 668-69. Thus, by reason of ORS 656.289(4), our previous decision in *Bandy* is not controlling upon compromise settlements made under the terms of that statute.

In addition, it appears from the terms of the settlement that although plaintiff's medical and hospital expenses were apparently paid in full, nothing whatever was paid as compensation for disabilities resulting from the injuries sustained by plaintiff, whether such disabilities were partial or total, temporary or permanent. Thus, in effect, although there was a settlement of his claim for medical and hospital expenses, there was no settlement of his claim for disability payments.

Furthermore, if defendants had admitted, instead of denying, that plaintiff was an employee, upon the filing of his claim with the Workmen's Compensation Board, he presumably would have received an award covering not only his medical and hospital expenses (as paid to him under the settlement), but also compensation for his injuries. Conversely, defendants' conduct in denying the fact of employment, whether or not justified, presumably was a substantial cause, if not the

---

[⑨] See 2 Larson, Workmen's Compensation Law 338, § 82, and Bandy v. Norris, Beggs & Simpson, *supra*, at p 24.

primary reason, why the amount paid to plaintiff did not include such compensation. Indeed, since defendants now contend on this appeal that plaintiff "was an employee in the eyes of the law under the facts of the arrangements between the parties," after filing a report with the Workmen's Compensation Board stating that "this man was not employed," the inconsistency of defendants' position is at least as great as that of plaintiff.

Thus, whether or not defendants are technically "estopped" from relying upon the defense of election of remedies or estoppel as contended by plaintiff,[19] resulting in "estoppel against an estoppel" so as to "set the matter at large," in the words of Lord Coke,[20] these facts are at least contrary to defendants' contention that plaintiff was "unjustly enriched" and that application of these defenses is necessary to prevent "injustice"—at least insofar as plaintiff's claim for compensation for his injuries is concerned, as distinguished from his claim for payment of medical and hospital expenses.

Under these facts and circumstances, and for these reasons, we hold that the compromise settlement under ORS 656.289(4) does not bar plaintiff from proceeding with this action against defendants, either as a matter of election of remedies, estoppel or res judicata. Of

---

[19] In support of plaintiff's contention that defendants are themselves estopped to plead the defense of election of remedies, see Sunlight Coal Co. v. Floyd, 233 Ky 702, 26 SW2d 530, 532 (1930); Harrison v. McCarty, 178 Md 377, 13 A2d 544, 545 (1940); and Hampshire Arms Hotel Co. v. St. Paul Mercury Indemnity Company, 215 Minn 60, 9 NW2d 413 (1943). See also Welser v. Ealer, 317 Pa 182, 176 A 429, 430 (1935). Cf. Morris v. City of Sheridan, 86 Or 224, 233, 167 P 593 (1917); and Rehfield v. Winters, 62 Or 299, 306, 125 P 289 (1912).

[20] Hampshire Arms Hotel Co. v. St. Paul Mercury Indemnity Company, *supra*, at p 415.

course, if the jury should find that plaintiff was an employee of defendant, Dave's Auto Center, Inc., he is entitled to no recovery in this case, as conceded by him.

3. Whether or not, in the event of such a recovery, the Workmen's Compensation Board would then have the right to recover from plaintiff the amount paid under the terms of its settlement with him need not be decided at this time, since that question is not before the court on this appeal. We hold, however, that plaintiff may proceed with his present complaint against defendants for the recovery of both special and general damages, as alleged in his complaint, and that defendants have no right to an offset of the amount previously received by plaintiff under the compromise settlement with the Workmen's Compensation Board.[10]

For all of these reasons, the judgment of the trial court is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

McALLISTER, J., concurring.

I concur in the result in this case, but I am unable to understand the need for the majority's lengthy discussion of the doctrine of election of remedies. In my opinion it is quite clear that this case involves no problem of election. As we said in *Bandy v. Norris, Beggs & Simpson*, 222 Or 1, 19, 342 P2d 839, 351 P2d 445 (1960):

"* * * Further, the matter of election of remedies is not involved here, since plaintiff, if she

---

[10] See also Behrendt, "The Rationale of the Election of Remedies Under Workmen's Compensation Acts," 12 U Chi L Rev 231, 239. Cf. Sam's Place v. Middleton, 39 Ala App 481, 103 So 2d 812 (1958), under somewhat different statute.

accepted the benefits of the Workmen's Compensation Law, was without any other remedy * * *."

Similarly, if plaintiff in this case was an employee at the time of the accident, or if that question has been foreclosed by his acceptance of compensation benefits, compensation is his only remedy. ORS 656.018(2). The doctrine of election of remedies only applies when a party has more than one remedy actually available. *Ladd v. General Insurance Co.*, 236 Or 260, 264-265, 387 P2d 572 (1964).

In *Bandy* we held that acceptance of a compensation award established the fact that plaintiff was a covered employee. In this case plaintiff has accepted funds from the Compensation Department, and *Bandy* would control were it not for the intervening enactment of ORS 656.289(4). At the time *Bandy* was decided the Compensation Act contained no provision for payment of compensation without a determination that a claimant was a covered employee. ORS 656.289 (4), however, applies to cases in which the compensability of the claim is in dispute. Its procedures may be invoked without a determination that a claimant is in fact entitled to an award. *Bandy*, therefore, does not control; we must look to the agreement itself to determine whether a settlement under ORS 656.289 (4) forecloses any issue of fact.

The statute authorizes "such disposition of the claim as is considered reasonable." That disposition in this case was embodied in a "stipulation" which expressly provided that neither party made any admission on the question of employment status. Moreover, plaintiff's claim for compensation was to remain in a "denied" status. From the terms of the stipulation it seems quite clear that plaintiff and the Compensation

Department did not intend any determination that plaintiff's claim was a compensable one.

For much the same reasons, plaintiff is not estopped to claim that he was not an employee at the time of the accident. The stipulation clearly left that question open. Nothing in the terms of the stipulation, or in the Board's order approving the settlement, could have led defendants to believe plaintiff had agreed to forego his tort remedies. Nor is there anything in the record to indicate that defendants have in any way changed their position or suffered any detriment in reliance on plaintiff's participation in the settlement agreement. Two of the essential elements of an estoppel are missing. *Donahoe v. Eugene Planing Mill*, 252 Or 543, 450 P2d 762 (1969).

For these reasons, I agree that plaintiff is not barred from prosecuting this action.