Argued January 7, affirmed April 18, petition for
rehearing denied May 21, 1974

# PACIFIC POWER & LIGHT COMPANY,
## *Respondent, v.* TASSIN, *Appellant.*

521 P2d 322

*Mathilda M. Tassin,* Portland, argued the cause and filed briefs in propria persona.

*Richard D. Bach,* Portland, argued the cause for respondent. With him on the brief were Rives, Bonyhadi & Drummond and Mark H. Peterman, Portland.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

PER CURIAM.

This is a suit for specific performance to enforce an option agreement under which plaintiff had the option to purchase a parcel of land owned by defendant. The trial court granted the relief sought by plaintiff and defendant appeals.

Defendant executed an option agreement giving the optionee the right to purchase a certain parcel of land. Plaintiff acquired the optionee's right by assignment. Plaintiff notified defendant of its election to purchase the parcel pursuant to the terms of the option agreement. Defendant refused to perform, whereupon plaintiff, on August 18, 1972, brought a suit for specific performance to require defendant to transfer to plaintiff the property in question. While this suit was pending, plaintiff commenced an eminent domain suit on October 12, 1972, in which it sought and obtained immediate possession of the property. Plaintiff did not further pursue the eminent domain suit after obtaining possession and a final decree was never entered in that proceeding.

After plaintiff took possession of the premises, defendant filed an amended answer in the present

suit requesting the dismissal of the suit on the ground that plaintiff had obtained possession of the property under the eminent domain proceedings. The trial court sustained plaintiff's demurrer to this amended answer.

Defendant, who is not a lawyer, presented her brief and oral argument in propria persona. It is difficult to determine precisely the legal theories upon which she relies to support her position. We interpret her argument to be (1) that the eminent domain suit and the specific performance suit are inconsistent; (2) that since plaintiff has obtained relief under the eminent domain suit the present case is moot, and (3) that defendant is prejudiced by the maintenance of two suits.

■ Defendant's first two contentions may be considered together, because each depends on the availability of the defense of election of remedies. Ordinarily, the doctrine of election of remedies is inapplicable where the original proceeding has not proceeded to judgment or decree on the merits.① In the present case the eminent domain proceeding had not been adjudicated. Even if it had, the two proceedings are not inconsistent. The evidence establishes that the condemnation suit was brought because it was necessary for plaintiff to construct without delay a substation on the premises in question to meet the expected 1972-1973 winter peak demands for electricity. Plaintiff could have awaited the outcome of the suit for specific performance, but it would have entailed the temporary construction of a substation on other property. The condemnation suit provided plaintiff with a more expeditious remedy for the acquisition of possession. Conversely, the emi-

---

① Johnson v. Dave's Auto Center, 257 Or 34, 476 P2d 190 (1970).

nent domain suit did not provide plaintiff with the relief it was entitled to seek in the suit for specific performance, namely, the enforcement of the price provision of the option.

■ Defendant's third principal argument is that she has been prejudiced by the maintenance of the two suits. Assuming that multiple actions brought by a plaintiff against a defendant can be attacked on this basis, there is no evidence to show how defendant in this case was prejudiced.

Defendant has made other contentions which are without merit and which do not deserve further comment.

Decree affirmed.