# GENTEMANN,
*Respondent,*

*v.*

# SUNAIRE SYSTEMS, INC.,
*Defendant,*

# ROSBACH,
*Appellant.*

(A8105-02796; A24520)

665 P2d 875

Norman K. Winslow, Salem, argued the cause and filed the briefs for appellant.

Carol Wright, Portland, argued the cause for respondent. On the brief was Alex Christy, Portland.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant Rosbach appeals from a fraud judgment entered against him following a jury verdict for plaintiff. He assigns as error denial of his motion for a directed verdict, asserting that plaintiff's claim was barred by an election of remedies,[1] and also denial of his motion for a change of venue. We affirm.

Plaintiff sued (1) defendant Sunaire Systems, Inc, ("corporation") for rescission; (2) both the corporation and its president, Rosbach, for fraud; and (3) the corporation for unpaid wages and attorney fees. The rescission and fraud claims were pleaded as separate counts of a "first cause of action," and the wage claim was pleaded as a "second cause of action."

In count I, for rescission against the corporation only, plaintiff alleged that he had agreed to lend the corporation $20,000 on a promissory note; that under the note plaintiff loaned to corporation $10,000 on December 5, 1980, and $10,000 on January 5, 1981; that the note was to be repaid in full on or before June 20, 1982; that interest was to be paid commencing June 15, 1981, at the rate of 10 percent per annum on $10,000 from December 5, 1980, and on the other $10,000 from January 5, 1981; that the corporation never intended to repay the loan; that the representation that it would repay the loan was false; that the representation was made by Rosbach as the corporation's agent and president; that plaintiff had notified the corporation that he had rescinded the agreement; and that plaintiff was entitled to repayment from the corporation of the loan with interest at 10 percent per annum.

In count II, for fraud against both defendants, plaintiff realleged the loan agreement; that the false representation was made with malice; that plaintiff made his loan to the corporation in reliance on the representation; and that plaintiff suffered damage "in the sum of $20,000 plus interest at the rate of ten (10) percent per annum on $10,000 from December 5,

---

[1] Although Rosbach could have raised the defense of election of remedies by filing a supplemental answer, ORCP 23A, he raised the defense by his motion for a summary judgment, for a directed verdict and for judgment notwithstanding the verdict. Plaintiff did not object below to the procedure by which Rosbach raised the issue, and it was considered by the trial court.

1980, until paid and ten (10) percent annum on $10,000 from January 5, 1981 until paid" and was entitled to $5,000 punitive damages.

Plaintiff prayed for a "Decree and Judgment" on the first cause of action "rescinding the above alleged Agreement and declaring the transaction to be void" and for judgment "against Defendants in the amount of $20,000, plus interest in the amount of ten (10%) percent per annum on $10,000 from December 5, 1981, until paid, and ten (10%) percent per annum on $10,000 from January 5, 1981, until paid, $5,000 as and for punitive damages and for such further relief and additional relief as the Court deems equitable," and on the second cause of action for unpaid wages and reasonable attorneys fees.

In his answer Rosbach admitted that plaintiff gave notice of rescission to the corporation and that he was the authorized agent and president of the corporation. The corporation did not appear, and plaintiff obtained a default judgment against it. The default "judgment order" provided:

"NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED, that Judgment be and the same hereby is entered in favor of the Plaintiff against the Defendant, Sunaire Systems, Inc., in the sum of $20,000 plus interest at the rate of ten (10%) percent per annum on $10,000 from December 5, 1980, until the date of the Judgment herein, plus ten (10%) percent per annum on $10,000 from January 5, 1981, until the date of the Judgment herein, plus interest at the rate of ten (10%) per annum on $20,000 from the date of the Judgment herein, until paid, the further sum of $1,375 unpaid wages, plus reasonable attorney's fees in the amount of $500, together with costs and disbursements incurred herein in the sum of $____, and that execution issue therefor."

Rosbach then moved for summary judgment, asserting that plaintiff had made an election of remedies by obtaining a default judgment against corporation for rescission and that, therefore, the action for fraud against Rosbach was barred. He also moved for a change of venue from Multnomah County. The court denied both motions. Before the jury was empaneled to try the fraud claim, Rosbach renewed his summary judgment motion. He also moved at the trial for a directed verdict and after the trial for judgment notwithstanding the verdict. Each time he asserted that plaintiff's fraud claim against him was barred by an election of remedies.

The jury verdict against Rosbach on the fraud claim was for $20,000 general damages plus interest at the rate of 10 percent per annum on $10,000 from December 5, 1980, and 10 percent per annum on $10,000 from January 5, 1981, and also $5,000 punitive damages.

■ The remedies of rescission and damages for fraud are inconsistent. *See McAllister v. Charter First Mortgage, Inc.,* 279 Or 279, 567 P2d 539 (1977); *Helmer v. Transamerica Title Ins. Co.,* 279 Or 457, 569 P2d 10 (1977). By obtaining the default judgment against the corporation, plaintiff made an election of remedies. *Federici et ux v. Lehman et al,* 230 Or 70, 368 P2d 611 (1962); *Karn et ux v. Pidcock et ux,* 225 Or 406, 357 P2d 509 (1960). Plaintiff, however, argues that his fraud claim against defendant Rosbach was not barred, because the rescission claim was asserted only against the corporation, which alone signed the loan agreement, and therefore only the corporation could raise the bar of election of remedies.

■ Although plaintiff had a fraud claim against Rosbach and a claim for fraud and rescission against the corporation, a judgment of rescission against the corporation would bar the claim against Rosbach for fraud. *See Johnson v. Dave's Auto Center,* 257 Or 34, 36, 476 P2d 190 (1970); Annot., 116 ALR 601 (1938); 25 Am Jur2d 25 (1966). Rosbach could and did raise the issue.

Plaintiff also argues that no election was made, because the default judgment against the corporation does not state whether it is for rescission or fraud. He argues that the judgment is for "rescission and/or damages" for fraud, although at the argument below on the motion for summary judgment several months after the default judgment was entered plaintiff's counsel told the trial court that "we obtained a default judgment against the corporation on the first cause of action, count I," the rescission count, and "we have elected to rescind against the corporation."

■ The interpretations plaintiff's counsel gave the default judgment against corporation after it was entered do not govern here.[2] Although plaintiff prayed for a judgment on

---

[2] Counsel's interpretation in the trial court, furthermore, did not cause that court to err. The court accepted plaintiff's argument, which we do not accept, that it could proceed against Rosbach for fraud because only the corporation was subject to both

his first cause of action "rescinding the above alleged agreement and declaring the transaction to be void," the motion for and order of default are silent respecting rescission. There is no record of what exchange took place between counsel and the court before the default order or judgment were entered. The default judgment does not recite that the agreement is rescinded or void. It contains no language of rescission. On the contrary, it is, on its face, an affirmance of the loan agreement. The default judgment provides that the corporation pay to plaintiff without specifying whether on count I or II of the first cause of action the sums provided to be paid in the promissory note: that is, $20,000 with interest at ten percent per annum on $10,000 from December 5, 1980, and ten percent per annum on $10,000 from January 5, 1981. The default judgment does not provide for punitive damages, but plaintiff could not obtain punitive damages on a default judgment without an evidentiary showing. ORCP 69B(2). The default judgment also shows that the court was aware of more than plaintiff's rescission claim, because it awarded plaintiff wages and attorney fees which plaintiff claimed on its second cause of action.

■    The default judgment, therefore, is on its face a judgment for fraud and not for rescission. The bar of election of remedies has been described as a "harsh rule" which should not be unnecessarily extended. *See Johnson v. Dave's Auto Center, supra,* 257 Or at 38-9. In the absence of any clear and contemporaneous indication that the court which awarded plaintiff a default judgment against the corporation did so for rescission rather than for fraud, we will not give that judgment an interpretation which will bar plaintiff's claim against Rosbach.

■    Accordingly, we hold that the default judgment against the corporation was for fraud. It constituted an election to proceed on the fraud claim against the corporation. That election did not bar the plaintiff from also proceeding on the fraud claim against Rosbach as a joint tortfeasor. The trial

rescission and fraud claims and, therefore, plaintiff made no election as to Rosbach. The court denied the motion for summary judgment and permitted plaintiff to proceed on the fraud claim against Rosbach. Its conclusion was correct but for the wrong reason. The default judgment against the corporation, as we hold below, was for fraud, not rescission, and accordingly plaintiff could proceed against Rosbach on the fraud claim.

court, therefore, did not err in denying Rosbach's motion for a directed verdict.

■ Defendant's second assignment of error is without merit. ORS 14.080 states that actions or suits, with exceptions not pertinent here, are to be tried in the county in which the defendants, or one of them, reside or may be found at the commencement of the action or suit. ORS 14.110(1)(a) provides that venue may be changed if "the action or suit was not commenced in the proper county." Rosbach concedes that corporation was domiciled in Multnomah County and that venue was proper at the commencement of the action. He argues, however, that, on entry of the default judgment against the corporation, venue ceased to be proper in Multnomah County because Rosbach, the only remaining defendant, resides in Marion County. The statute designates the time of commencement of the action as the time which determines venue. The action was commenced in the proper county. The trial court correctly denied the motion for a change of venue.

Affirmed.